**WESTCOT CORPORATION,**
Plaintiff–Appellee,

v.

**EDO CORPORATION,**
Defendant–Appellant.

No. 86–2794.

United States Court of Appeals,
Tenth Circuit.

Sept. 21, 1988.

ORDER ON PETITION FOR
REHEARING

Before LOGAN, MOORE and
BRORBY, Circuit Judges.

JOHN P. MOORE, Circuit Judge.

Consideration of appellant's petition for rehearing discloses no issues the panel has overlooked or misconstrued in its order and judgment. The petition attempts to inject into the case facts beyond the record and adds what is essentially a reiteration of arguments already advanced in the briefs.

In that form, the petition is neither helpful nor persuasive. To the contrary, such a document is wasteful of the court's over-burdened time and the appellant's funds.

█ Tenth Cir.R. 40.1 sets the tone for petitions for rehearing, but it is unfortunately overlooked by far too many practitioners. When we stated a "petition for rehearing should not be filed routinely," we were not making a suggestion; we were setting a standard to which counsel must adhere.

█ A petition for rehearing must not be regarded by the practicing bar as another pleading which should be filed by the losing side in every appeal. This canon is particularly true when the petition consists of evidence not presented in the appeal or the equivalent of a restatement of arguments presented in the brief. Cases are not decided by timid panels who are in doubt of the results reached. Attempts to overcome deficiencies in the record or reiteration of previously rejected legal theories will not prompt a change of mind.[1] As a consequence, a petition for rehearing based on those or similar premises is "without merit" within the meaning of 10th Cir.R. 40.1.[2]

█ This conclusion leads only to one result. Rule 40.1 provides counsel may be required to pay costs to the opposing party for the filing of a meritless petition for rehearing. Accordingly, counsel for the appellant shall pay the sum of $250 to the appellee in accordance with the provisions of 10th Cir.R. 40.1. Additional notice of the court's intent to sanction is not required because the issue was raised by opposing counsel. *Braley v. Campbell*, 832 F.2d 1504, 1515 (10th Cir.1987). Even though the request for sanction was set out in an unsolicited response to the petition for rehearing, appellant's counsel was

given ample warning of the risk he faced, and he made no reply.[3]

Entered for the Court.

---

1. Indeed, in 1988 only 1.3% of petitions for rehearing decided thus far have been granted.

2. Appellant's attempt to utilize evidence not contained in the record to support its contention that the panel "made a material and erroneous statement in its opinion" is particularly egregious. By the most charitable description imaginable, the argument based upon this evidence and the effort to distinguish the authority relied upon by the panel at best are specious, if not altogether disingenuous.

3. Judge Logan would not assess the $250 sum against counsel for the appellant except after a show cause order and an opportunity for counsel to respond.