**In re M & L BUSINESS MACHINE CO., INC., Debtor.**

**Christine J. JOBIN, Plaintiff,**

**v.**

**BANK OF BOULDER, et al., Defendants.**

No. 91–K–1065.
Bankruptcy No. 90–15491 CEM.

United States District Court,
D. Colorado.

July 14, 1994.

Christine J. Jobin, U.S. Trustee, Denver, CO, for debtor.

Charles F. McVay, Denver, CO, Jay L. Gueck, Gueck, Davis, Seeberger & Siegel, Dallas, TX, for U.S. Trustee.

Joseph C. French, Boulder, CO, Nancy D. Miller, David R. Eason, Eason, Sprague & Wilson, Denver, CO, for Bank of Boulder.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

Plaintiff Christine J. Jobin, trustee for the estate of M & L Business Machine Co., Inc. ("Trustee"), seeks reconsideration of that portion of my May 16, 1994, Memorandum Opinion and Order finding her to have misrepresented her access to a Letter Agreement between defendant Bank of Boulder (the "Bank") and the Office of the United States Attorney. 167 B.R. 631. Mem.Op. and Order at 11. The Trustee requests a rehearing on the misrepresentation issue so that she may present testimony showing her representations were "innocent" rather than "malevolent," or, in the alternative, a modification of the May 16th order to delete the

misrepresentation finding entirely. In support, the Trustee submits an affidavit setting forth the testimony that would be presented were a rehearing ordered. Finally, the Trustee requests publication of the Memorandum Opinion and Order be withheld pending resolution of her motion.

I am issuing a supplemental order (1) granting Trustee's request for consideration of the testimony set forth in the affidavit attached to her Motion for Rehearing Regarding Sanctions; (2) denying her request for an evidentiary hearing on the Bank's motion for sanctions; and (3) for the reasons set forth below, reiterating my May 16, 1994 Opinion and Order without further modification. There is no need to comment further on her request that I withhold publication of the May 16 order until the instant motion is resolved. This order, too, will be published.

## I. *Facts*

Before addressing the Trustee's motion for rehearing, I briefly recount the events leading up to it. On November 18, 1993, the Bank filed a motion for sanctions against the Trustee alleging she destroyed Bank documents in her possession. In her January 4, 1994, response to the motion for sanctions, the Trustee admitted destroying the documents. She recognized her decision to do so was "improvident," but argued it was "justified" and "not the product of an intent or motive to defy the Court's order." Status Report & Req. Order Den.Mot. Sanctions at 5–6. The Trustee blamed the Bank for her "improvidence":

> Perhaps, if the Bank's counsel had not barraged the Trustee's counsel with daily letters demanding the Documents, the destruction might not have happened.

*Id.*

On February 9, 1994, the Bank filed a supplement to its motion for sanctions ("Supplement"), presenting evidence that the Trustee had misrepresented to the court that she did not have access to the Letter Agreement at issue.[1] The Trustee concedes she could have responded to the Bank's supple-

ment (and provided the court with the information in the present motion for rehearing), but failed to do so. Mot.Reh'g at ¶ 4–5; Jobin Aff. at ¶ 7, 9. She argues that this, too, was inadvertent, and blames her workload and a lack of "focus" for the omission:

> [I]t did not occur to me or my associates that the Court might conclude there had been an intentional misrepresentation to the Court concerning the Letter Agreement. I and my associates, given the volume of work ongoing in the firm at that time, did not focus on the Bank's Supplement and did not respond thereto.

Jobin Aff. at ¶ 7.

In the present motion for rehearing, in which she is represented by independent counsel, the Trustee admits she obtained a copy of the Letter Agreement months before she represented she did not have access to it, but argues my finding to that effect should be stricken because she "had completely forgotten" that she had received a copy at the time the representation was made. Jobin Aff. at ¶ 3. Workload and a lack of focus are again the proffered justification:

> On December 13, 1993, when I appeared before this Court and made an oral argument [in response to the Bank's motion for sanctions], I did not recall that Mr. Barrett had provided a copy of the Letter Agreement. Moreover, I was no longer focusing on the existence of the subpoena or the Letter Agreement because my attention was focused on the issue of showing to the Court the circumstances surrounding the destruction of the letters and memoranda following entry of the Court's Protective Order on November 3, 1993.

*Id.* at ¶ 5, 9.

## II. *Merits*

The Trustee seeks a rehearing or a modification of the May 16, 1994 Memorandum Opinion and Order pursuant to this court's inherent authority to modify its own interlocutory orders "to prevent manifest injus-

---

1. After the Trustee's representation in the fall of 1993 that she could not fully respond to the Bank's motion because she did not have access to the Letter Agreement, the Bank obtained a copy of a facsimile transmission revealing the Trustee had not only obtained a copy of the Letter Agreement in March of 1993, but had forwarded it to her expert.

tice."[2] Mot.Reh'g Regarding Sanctions at 1. The Trustee claims such injustice would result if she were denied an opportunity to explain to the court, in an evidentiary hearing, that her misrepresentation regarding the letter agreement was "inadvertent" or the product of "excusable neglect." *Id.* at 3–4, ¶¶ 5–6; Jobin Aff. at ¶ 9. Upon considering her testimony, the Trustee argues, the court "may well conclude" that no misrepresentation was intended, and that an order for sanctions, under the circumstances, would be "improvident." Mot.Reh'g at 5, ¶ 10; Reply at 5. It is important to note at this juncture that we are dealing here with the issue of sanctions and not contempt of court.

◼ The Trustee concedes she could have presented this testimony or requested a hearing at the time the Bank made its allegations regarding the letter agreement. Instead, she decided not even to respond. Mot. Reh'g at 2–3, ¶ 4; Jobin Aff. at ¶ 4. That she regrets her decision is apparent; that she is entitled to reverse it and obtain a *post hoc* evidentiary hearing is not.

◼ The goals of finality, preservation of judicial resources, and maintaining the orderliness of proceedings caution that courts sparingly invoke their inherent authority to rehear matters previously decided. *Rottmund v. Continental Assurance Co.*, 813 F.Supp. 1104, 1107 (E.D.Pa.1992). Voluntary action by a party may estop him from reopening a settled matter on the ground of mistake or excusable neglect. C. Wright & A. Miller, 11 *Fed.Pract. & Procedure* § 2858, p. 171 (1973); *see Otoe County Nat'l Bank v. W & P Trucking, Inc.*, 754 F.2d 881, 883–84 (10th Cir.1985) (an informed choice, however erroneous, does not constitute mistake, inadvertence or excusable neglect). Moreover, a party is not entitled to reopen a settled matter because he failed to interpose a defense that could have been presented at trial or to present all of the facts known to him at that time. Wright & Miller, *supra*, at 173; *see Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 728 (10th Cir.1993) (rules of civil procedure do not protect a party who through negligence or tactical decision fails to present evidence that was available).

The Trustee cites preoccupation with other litigation and the presumption that a hearing would be held as justifying her failure to respond to the Bank's Supplement. Neither does. *E.g. McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir.1981), *cert. denied*, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982) (preoccupation with other matters does not constitute excusable neglect); *Quality Prefabrication, Inc. v. Daniel J. Keating Co., Inc.*, 675 F.2d 77, 79 at n. 3 (3rd Cir.1982) (failure to respond based on belief that hearing would be held does not constitute excusable neglect). As a matter of law, the Trustee is bound by her own actions and is not entitled to reopen the Bank's motion for sanctions. *See Westcot Corp. v. Edo Corp.*, 857 F.2d 1387, 1388 (10th Cir. 1988) (motion for rehearing denied and sanction imposed under Tenth Cir.R. 40.1 where counsel "was given ample warning of the risk he faced, and he made no reply").

◼ Nor is the Trustee entitled to a rehearing as a matter of due process. Due process requires parties facing the possible imposition of sanctions be given notice and an opportunity to be heard before a decision is rendered. *Dodd Ins. Serv. v. Royal Ins. Co. of America*, 935 F.2d 1152, 1160 (10th Cir.1991); *Braley v. Campbell*, 832 F.2d 1504, 1514–15 (10th Cir.1987). It does not entitle those parties to dictate the manner in which they are to be heard. *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 325 (10th Cir.1984). The opportunity to brief fully a response to a motion for sanctions is sufficient to satisfy due process requirements. *Accord Dodd, supra*, 935 F.2d at 1160; *Oliveri v. Thompson*, 803 F.2d 1265, 1280 (2d

**2.** Alternatively, the Trustee brings her motion pursuant to Fed.R.Civ.P. 59 and 60. Mot. Rehearing at 1. While the standards applicable to motions brought under Rules 59 and 60 provide guidance for when a court may exercise its inherent authority to modify its orders, the rules themselves are inapplicable. The Memorandum Opinion and Order is interlocutory in nature and is not appealable. *See G.J.B. & Assocs., Inc. v. Singleton*, 913 F.2d 824, 829 (10th Cir.1990). It is not therefore a "judgment" as defined in Rule 54(a), and is not amenable to motions under either Rule 59 (governing new trials and amendments of judgments) or Rule 60 (providing for relief from clerical mistakes or other errors in judgments).

Cir.1986). The Trustee admits she was provided this opportunity, but elected not to pursue it.

 Based on the foregoing authorities, I deny the Trustee's request for an evidentiary hearing on the Bank's motion for sanctions as untimely and unwarranted. Given the public nature of the sanction at issue, however, I accept and incorporate as part of the record on the Bank's motion the Trustee's affidavit explaining her conduct. I have reviewed the affidavit carefully. Accepting, *ex abundanti cautela,* every statement in it as true, however, I decline to modify the May 16, 1994 order or delete my finding that the Trustee misrepresented the facts relating to the letter agreement.

The Trustee's affidavit misses the point. The conduct sanctioned was the provision of false statements to the Bank in discovery and to this court. The Trustee's intent or lack thereof in making the false statements is irrelevant. It is an existential equation: The falsity of the statements set in motion a series of events which, whether intentional, insouciant, or negligent, created mistrust and a tremendous waste of the resources of this court, the parties, and the M & L bankruptcy estate the Trustee is constrained not only to preserve but augment.

I have no doubt the discovery and document review in this litigation, involving as many as 500 adversary proceedings, is a colossal undertaking. But neither the size of the litigation nor the Trustee's inadvertence excuses her conduct. Acting as both attorney and trustee in bankruptcy, however imprudent such a double role may be, she is obligated to perform her duties efficiently and competently and it is she who must bear responsibility when she fails to do so.

### III. *Conclusion*

For the foregoing reasons, the Trustee's Motion for Rehearing Regarding Sanctions is GRANTED in part, and DENIED in part; the Trustee's request for consideration of the testimony set forth in the affidavit attached to her Motion for Rehearing Regarding Sanctions is granted; her request for an evidentiary hearing on the Bank's motion for sanctions is denied; and, for the reasons set forth above, the May 16, 1994 Opinion and Order is reiterated without further modification.