F I L E D
United States Court of Appeals
Tenth Circuit

DEC 10 1997

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PATRICK J. SCHLEIBAUM,

    Defendant-Appellant.

No. 95-1022

ON REMAND
FROM THE SUPREME COURT OF THE UNITED STATES
(No. 96-1430)
___ S. Ct. ___

Before SEYMOUR, Chief Judge, and PORFILIO, ANDERSON, TACHA, BALDOCK, BRORBY, EBEL, KELLY, HENRY, BRISCOE, LUCERO, AND MURPHY, Circuit Judges.

BALDOCK, Circuit Judge.

In United States v. Wiles, 102 F.3d 1043 (10th Cir. 1996), reh'g in part 106 F.3d 1516 (10th Cir. 1997), we affirmed Defendant Patrick Schleibaum's conviction on one count of securities fraud in violation of 15 U.S.C. §§ 78j(b)m 78ff(a), and 17 C.F.R. § 240.10b-5, but vacated his conviction on one count of making false statements to the government in violation of 18 U.S.C. § 1001.  In vacating Schleibaum's § 1001

conviction, we reasoned that where the jury did not render a verdict on materiality as a substantive element of the false statement count because the district court erroneously decided the element of materiality as a matter of law, no jury verdict existed upon which harmless or plain error analysis could operate. Thus, we vacated Schleibaum's § 1001 conviction under the misguided notion of "structural error." Wiles, 102 F.3d at 1053-61 (en banc). The United States sought a writ of certiorari, and the Supreme Court granted the writ, vacated our judgment, and remanded this matter to us for reconsideration in light of Johnson v. United States, 117 S. Ct. 1544 (1997). United States v. Schleibaum, ___ S. Ct. ___, 1997 WL 120543 (1997).[1]

### A.

In this circuit, materiality is an element of any § 1001 offense. Gonzales v. United States, 286 F.2d 118 (10th Cir. 1960). Accordingly, Schleibaum had the right to have the jury decide materiality. As the Supreme Court instructed us in United States v. Gaudin, 515 U.S. 506, 511 (1995):

> The Constitution gives a criminal defendant the right to demand that a jury
> find him guilty of all the elements of the crime with which he is charged;

---

[1] We consolidated Defendant Schleibaum's appeal, United States v. Schleibaum, No. 95-1022 (10th Cir., filed Jan. 25, 1995), with United States v. Wiles, No. 94-1592 (10th Cir., filed Dec. 29, 1994), because both appeals presented overlapping factual and legal issues. Apparently, the United States did not seek a writ of certiorari from our judgment in Wiles' appeal. Therefore, the Supreme Court's remand does not disturb our judgment in that case, or our opinion, 102 F.3d 1043, reh'g in part 106 F.3d 1516, as it pertains to that case.

2

one of the elements in the present case is materiality; [defendant] therefore had a right to have the jury decide materiality.

Undoubtedly then, the district court erred when it decided the element of materiality as a matter of law in accordance with our pre-Gaudin decisions. See e.g., United States v. Daily, 921 F.2d 994 (10th Cir. 1990) (holding that materiality under § 1001 was a question of law for the court). Because Schleibaum's trial was pre-Gaudin, he did not object to the district court's failure to instruct the jury on the element of materiality. Thus, before we may correct this error, Fed. R. Crim. P. 52(b) requires us to conclude that the error was both plain and affected Schleibaum's substantial rights. See generally United States v. Olano, 507 U.S. 725, 731-37 (1993). Only then may we exercise our discretion to correct the error, "but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Johnson, 117 S. Ct. at 1549 (internal quotations and brackets omitted) (emphasis added).

In Johnson, the Court held that a district court did not commit reversible error in deciding the element of materiality as a matter of law in a perjury prosecution under 18 U.S.C. § 1623, despite Gaudin. The Court concluded that the error was plain, but bypassed the question of whether the error affected defendant's substantial rights. Instead, the Court concluded that because the evidence of materiality at trial was "overwhelming" and "essentially uncontroverted," the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings:

Indeed, it would be the reversal of a conviction such as this which would

3

have that effect. Reversal for error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it. No miscarriage of justice will result here if we do not notice the error, and we decline to do so.

Johnson, 117 S. Ct. at 1550 (internal citations and quotations omitted).

B.

While the district court's failure to submit the element of materiality to the jury in this case constitutes error which is plain under Gaudin, see Johnson, 117 S. Ct. at 1549, we, like the Court in Johnson, need not determine whether the error affected Schleibaum's substantial rights because Schleibaum never persuaded us that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Gaudin defined a material statement under § 1001 as having "a natural tendency to influence, or capable of influencing, the decision of the decisionmaking body to which it was addressed." 515 U.S. at 509. At Schleibaum's trial, the United States presented unrebutted evidence that the false filings not only had a tendency to influence the SEC, but did in fact influence the SEC.

Miniscribe management-team members Owen P. Taranta, Gerald Goodman, Jesse C. Parker, Steven Wolfe, and Paul Lyons all testified that the SEC had instituted civil actions against them seeking to recover profits from insider trades and to enjoin them from further violations of the securities laws. Schleibaum similarly testified that he too was the subject of an SEC suit. An expert testified as to the SEC's regulatory scheme and filing requirements. Taranta testified at length as to materiality. He testified about the

4

$7,000,000 profit overstatement for the first quarter of 1987, which was eventually incorporated into the 1987 10-K Report's financial statements. This report was the subject of the false statements count. Taranta stated: "At this point in time, seven million, I believe, was clearly material, so going back at this point and disclosing that very likely would have triggered lawsuits, an SEC investigation, and possibly what we're confronted with right now." Aple. Supp. App. Vol. II at 377-78.

The foregoing evidence coupled with the jury's implicit finding that Schleibaum willfully made false statements to the SEC containing figures "substantially lower" than the truthful figures, necessarily leads to the conclusion that the reported figures were material.[2] Miniscribe's false 1987 10-K Report was capable of influencing, and did in fact influence, the SEC to take remedial action against Schleibaum once the false report was exposed. In light of the "overwhelming" evidence of materiality presented at trial,

---

[2] Count one of the indictment against Schleibaum alleged that Schleibaum--

> in a matter within the jurisdiction of the SEC . . . knowingly and willfully made and caused to be made false, fictitious and fraudulent statements and a false writing and document, that is, Miniscribe's Form 10-K Report for the fiscal year 1987, submitted to the SEC, stated . . . that the company's inventory was $85,172,00, that its income before taxes was 33,201,000, and that its net income was 31,147,000, when in fact those figures were substantially lower . . . .

Aplts. App. at 9 (emphasis added). Because the value of Miniscribe's book inventory was overstated, its cost of goods sold was correspondingly understated. The understated costs of goods sold was then subtracted from net sales resulting in inflated profits. See Wiles, 102 F.3d at 1048.

5

the district court did not commit reversible error in deciding the element of materiality as a matter of law.  Accordingly, the judgment of the district court in appeal number 95-1022 is affirmed in its entirety.

AFFIRMED.