UNITED STATES of America,
Plaintiff–Appellee,

v.

Quentin T. WILES, Defendant–Appellant.

No. 94–1592.

United States Court of Appeals,
Tenth Circuit.

Feb. 14, 1997.

Vincent J. Oliva, Assistant United States Attorney (Henry L. Solano, United States Attorney and John M. Hutchins, Assistant United States Attorney, with him on the briefs), Denver, CO, for Plaintiff–Appellee.

Daniel J. Sears of Daniel J. Sears, P.C., Denver, CO (panel argument), and Michael R. Doyen of Munger, Tolles & Olson, Los Angeles, CA (en banc argument), (Daniel T. Smith, Denver, CO; Cary B. Lerman of Munger, Tolles & Olson, Los Angeles, CA; and H. Alan Dill and Robert A. Dill of Dill, Dill, Carr & Stonbraker, Denver, CO, with them on the briefs), for Defendant–Appellant Quentin T. Wiles.

Before BALDOCK and BRORBY, Circuit Judges.*

---

\* The late Honorable Oliver Seth, United States Senior Circuit Judge, heard oral argument and participated in the panel's conference of this appeal, but passed away prior to its final resolution. *See United States v. Wiles,* 102 F.3d 1043, 1043 n.\*\* (10th Cir.1996). The practice of this court permits the remaining two panel judges if in agreement to act as a quorum in resolving the appeal. *E.g., United States v. Gacnik,* 50 F.3d 848, 850 n.† (10th Cir.1995) (citing 28 U.S.C. § 46(d)); *Employee Trustees v. Employer Trustees,* 959 F.2d 176, 177 n.\* (10th Cir.1992) (same); *see*

*also* S.Rep.No. 97–275, at 9 (1981), *reprinted in* 1982 U.S.C.C.A.N. 11, 19 (circuit court may adopt procedure "permitting the disposition of an appeal in situations in which one of the three [panel] judges dies or becomes disabled and the remaining two agree on the disposition"); *Murray v. National Broadcasting Co.,* 35 F.3d 45, 48 (2nd Cir.1994), *cert. denied,* 513 U.S. 1082, 115 S.Ct. 734, 130 L.Ed.2d 637 (1995) (remaining two judges of original three judge panel may decide petition for rehearing without third judge).

## ORDER ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

BALDOCK, Circuit Judge.

Before the court is Defendant Quentin T. Wiles' Petition for Rehearing and Suggestion for Rehearing En Banc. Fed.R.App.P. 35 & 40; 10th Cir. R. 35.1 & 40.1. In *United States v. Wiles,* 102 F.3d 1043 (10th Cir. 1996), we affirmed Defendant's convictions on one count of securities fraud in violation of 15 U.S.C. §§ 78j(b), 78ff(a), and 17 C.F.R. § 240.10b–5, and one count of wire fraud in violation of 18 U.S.C. § 1343, and vacated his conviction on one count of making false statements to the government in violation of 18 U.S.C. § 1001.[1] Wiles now claims we "overlooked or misconstrued" four issues in our prior opinion. Wiles suggests we erroneously (1) failed to consider whether the government presented sufficient evidence as to materiality to sustain a conviction on the false statements count; (2) failed to consider whether the district court's instructions on the securities fraud count impermissibly expanded the grand jury's indictment; (3) held that the securities fraud count together with the district court's unanimity instructions thereon did not violate Defendant's right to a unanimous verdict; and (4) held that the district court's failure to instruct the jury as to materiality on the false statements count did not taint the materiality instruction on the wire fraud count. We grant rehearing as to Defendant's first claim only, deny rehearing as to his remaining claims, and now make final disposition of this appeal. *See* Fed. R.App.P. 40 ("If a petition for rehearing is granted, the court may make a final disposition of the cause without reargument. . . .").

### I.

■ Tenth Circuit Rule 40.1 sets the tone for a petition for rehearing:

**10th Cir. R. 40.1. *Grounds for petition.*—** A petition for rehearing should not be filed routinely. Rehearing will be granted only if a significant issue has been overlooked or misconstrued by the court. If a petition for rehearing is found to be wholly without merit, vexatious or filed for delay, the court may tax a sum not exceeding $500.00. At the court's order, counsel may be required personally to pay these costs to the opposing party. . . .

A petition for rehearing should be more than a restatement of arguments originally presented on appeal and a petition based on such is "without merit" under Rule 40.1. *Westcot Corp. v. Edo Corp.,* 857 F.2d 1387, 1388 (10th Cir.1988).

■ On appeal Defendant argued, and in our prior opinion we addressed, each of Defendant's latter three claims set forth in his petition for rehearing. First, we rejected Defendant's claim that the district court's failure to instruct the jury as to materiality on the false statements count tainted the jury's verdict on the remaining counts. We stated:

> We are not confronted with a situation where a failure to instruct on an element of a crime as to one count of the indictment might taint convictions on remaining counts. Each count of the respective indictments against Wiles and Schleibaum charged them with separate and distinct substantive crimes. The district court's failure to instruct on the element of materiality under § 1001 had no bearing upon the instructions which the court tendered on the remaining counts.

*Wiles,* 102 F.3d at 1059 n. 11 (internal citations omitted). Similarly, we rejected Defendant's claim that the district court's instructions on the securities fraud count violated Defendant's right to a unanimous verdict. We stated:

> Wiles suggests that . . . the jury did not understand the court's unanimity instruction and that the risk of a non-unanimous verdict against him was significant and prejudicial. Wiles' speculation is insufficient to cast doubt upon the jury's verdict. . . .

---

1. We consolidated Defendant Wiles' appeal with *United States v. Schleibaum,* No. 95–1022 (10th Cir., filed Jan. 25, 1995), also reported at 102 F.3d 1043, because both appeals presented overlapping factual and legal issues. Defendant Schleibaum has not filed a Petition for Rehearing.

We must presume that the jurors remained loyal to their oaths and conscientiously followed the district court's instructions. This assumption is fundamental to our system of justice.

*Id.* at 1062–63 (internal citations omitted). Finally, we rejected Defendant's argument that the district court's instructions on the securities fraud count impermissibly expanded the grand jury's indictment in violation of due process. We stated:

Wiles raises two additional claims which he failed to raise in the district court: (1) the jury instructions as to the securities fraud charge improperly expanded the grand jury's indictment; and (2) the unanimity instruction as to the wire fraud charge was equivocal; both in violation of the Fifth Amendment. Applying ... plain error analysis ... we conclude that Wiles claims do not constitute plain error and thus, he has waived his right to present these claims on appeal.

*Id.* at 1053 n. 5. Our reference to waiver in the foregoing excerpt may have been misleading because under our prior precedent, jury instructions which have the effect of amending an indictment "constitute plain error." *United States v. Levine,* 41 F.3d 607, 617 n. 13 (10th Cir.1994). However, "plain error cannot be found where there is no error at all." *United States v. Ross,* 77 F.3d 1525, 1537 (7th Cir.1996) (citing *United States v. Olano,* 507 U.S. 725, 732–34, 113 S.Ct. 1770, 1776–78, 123 L.Ed.2d 508 (1993)). After careful consideration, we concluded that the district court's instructions did not in effect expand the grand jury's indictment and thus no error, or plain error, occurred. Accordingly, Defendant's claim warranted no further discussion then, and warrants no further discussion now.

**2.** In *Wiles,* we explained the analysis to be undertaken in such cases. The first determination to be made is whether an error occurred at trial. If an error occurred, the next inquiry is whether an actual jury verdict exists upon which harmless or plain error analysis can operate. In *Wiles,* such a verdict did not exist because the district court had removed the element of materiality from the jury's consideration. However, in many cases that will not be so clear. In such cases, a court will have to delve into the question of whether the facts and other instructions are such that the

## II.

Defendant's claim that we improperly failed to consider the sufficiency of the evidence on the element of materiality on the false statements count requires a more detailed discussion. In our prior opinion, we reasoned that where the jury rendered no verdict on materiality as a substantive element of the false statements count because the court erroneously decided the element of materiality as a matter of law, no jury verdict existed upon which harmless or plain error analysis could operate. *Wiles,* 102 F.3d at 1053–61.[2] We held such error to be structural and vacated Defendant's conviction on the false statements count. *Id.* at 1060–61. Given this result, we deemed a discussion of the sufficiency of the evidence on the element of materiality unnecessary. *Id.* at 1053 n. 4; *see Richardson v. United States,* 468 U.S. 317, 325, 104 S.Ct. 3081, 3086, 82 L.Ed.2d 242 (1984) (protection against double jeopardy applies "only if there has been some event, such as an acquittal, which terminates the original jeopardy").

Defendant correctly points out, however, that this circuit has held that when we reverse on appeal because of a procedural error at trial and remand for a new trial, the prohibition against double jeopardy requires us to address a defendant's claim that the evidence presented at trial on the reversed count was insufficient. *United States v. Haddock,* 961 F.2d 933, 934 (10th Cir.), *cert. denied,* 506 U.S. 828, 113 S.Ct. 88, 121 L.Ed.2d 50 (1992). Constrained by our precedent on this matter, we vacate footnote four of our prior opinion and proceed to discuss the sufficiency of the evidence of materiality against Defendant on the false statements count.

jury could not have returned its verdict without also finding the omitted element. If a jury verdict on the element necessarily follows, a verdict on the element exists and Rule 52 analysis has a predicate upon which to focus. *See Sullivan v. Louisiana,* 508 U.S. 275, 279–81, 113 S.Ct. 2078, 2082, 124 L.Ed.2d 182 (1993)(explaining the interrelation of *Chapman* analysis and structural error). Only if there is no verdict on the element upon which harmless or plain error analysis can operate is there structural error.

We have labeled a false statement as "material" if the statement " 'has a natural tendency to influence, or was capable of influencing, the decision of the tribunal in making a determination required to be made.' " *United States v. Harrod,* 981 F.2d 1171, 1176 (10th Cir.1992), *cert. denied,* 508 U.S. 913, 113 S.Ct. 2350, 124 L.Ed.2d 259 (1993) (quoting *United States v. Irwin,* 654 F.2d 671, 677 (10th Cir.1981), *cert. denied,* 455 U.S. 1016, 102 S.Ct. 1709, 72 L.Ed.2d 133 (1982)). At Defendant's trial, the government presented evidence that the false filings not only had a tendency to influence the SEC, but that those filings did in fact influence the SEC. The district court took judicial notice of *SEC v. Wiles,* 91–CV–1393 (D.Colo., filed Aug. 14, 1991), in which the SEC sued Wiles and his cohorts for relief from numerous fraudulent acts, including the making of false statements to the SEC. Numerous government witnesses testified that the fraudulent statements contained in the 1987 10–K Report were material due to the large differential between the actual figures and those reported. Wiles, perhaps inadvertently, elicited testimony from Owen Taranta on cross examination that the several million dollars of false entries placed on Miniscribe's books in 1987 were material. Furthermore, defense witness Jack Grace of Coopers & Lybrand testified as to the false statements' materiality. On cross examination, the government elicited the following testimony from Grace:

> [Question:] What is the reduction in bottom-line profits for 1987 as a result of Coopers & Lybrand's restatement of the financial statements?
>
> [Answer:] The reduction was from a net income of 31 million to a net income of 9 million, which is a change of about 22 million.
>
> [Question:] Any question from an accounting perspective that that's a material change?
>
> [Answer:] No, no question about it.

Aplts.App. Vol. IX at 2423. Finally, former Miniscribe directors Bruce Bee and Russell Planitzer testified as to the SEC's regulatory scheme and filing requirements.

Defendant's claim that the evidence which the government presented at trial was insufficient to sustain a false statements conviction against him under 18 U.S.C. § 1001 is not well taken. Construing the evidence in a light most favorable to the government, as we must in any sufficiency review, *Wiles,* 102 F.3d at 1063, we conclude that the evidence which the government presented was sufficient to establish the element of materiality on the false statements count. Miniscribe's false 1987 10–K Report was capable of influencing, and did in fact influence, the SEC to take remedial action against Defendant.

REHEARING GRANTED IN PART, DENIED IN PART, and RELIEF DENIED.[3] THE MANDATE SHALL ISSUE FORTHWITH WITHOUT DELAY. NO MOTION TO STAY THE MANDATE SHALL BE ENTERTAINED.[4]

---

**3.** In accordance with Fed.R.App.P. 35(b), the clerk transmitted Defendant's suggestion for rehearing en banc to all the judges of the court in regular active service. No member of the panel and no judge in regular active service having requested a poll on rehearing en banc, Defendant's suggestion for rehearing en banc is DENIED.

**4.** Defendant's motion to file a reply brief in support of his petition for rehearing and suggestion for rehearing en banc is DENIED.