110 F.3d 73
 97 CJ C.A.R. 509
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alpha EDWARDS, Personal Representative of the Estate of John
T. Edwards, deceased, Plaintiff-Appellant,
v.
BASEL PHARMACEUTICALS, a division of Ciba-Geigy Corporation,
Defendant-Appellee.
 No. 95-6176.
(D.C.No. CIV-94-155-L)
 United States Court of Appeals, Tenth Circuit.
 April 2, 1997.
 
 ORDER AND JUDGMENT*
 Before ANDERSON and BARRETT, Circuit Judges.**
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Alpha Edwards appeals from a district court order granting summary judgment in favor of defendant Basel Pharmaceuticals in this wrongful death action based on Basel's allegedly inadequate warnings about the risks associated with its "Habitrol" nicotine patch. The district court held that, under Oklahoma's "learned intermediary doctrine," Basel's duty to warn ran solely to the prescribing physician, and that its warning in this respect was adequate as a matter of law. Uncertainty about the former holding, particularly in light of Basel's representation that the Food and Drug Administration (FDA) had mandated direct warnings to Habitrol consumers (which Basel evidently provided to plaintiff's decedent), prompted us to certify the following question to the Oklahoma Supreme Court:
 
 
 3
 Under Oklahoma law, what determines the scope or extent of the prescription drug manufacturer's duty to warn the consumer when FDA recognition of the need for direct warnings has undercut application of the learned intermediary rule? More specifically, what is the effect of the manufacturer's compliance with the very FDA requirements invoking this exception to the rule?
 
 
 4
 Edwards v. Basel Pharmaceuticals, No. 95-6176, Certification of State Law Question, at 1 (Feb. 28, 1996).
 
 
 5
 The Oklahoma Supreme Court recently provided the following definitive response to our inquiry:
 
 
 6
 We hold that when the FDA requires warnings be given directly to the patient with a prescribed drug, an exception to the "learned intermediary doctrine" has occurred, and the manufacturer is not automatically shielded from liability by properly warning the prescribing physician. When this happens the manufacturer's duty to warn the consumer is not necessarily satisfied by compliance with FDA minimum warning requirements. The required warnings must not be misleading, and must be adequate to explain to the user the possible dangers associated with the product. Whether that duty has been satisfied is governed by the common law of the state, not the regulations of the FDA, and necessarily implicates a fact-finding process, something beyond our assignment in response to this certified question.
 
 
 7
 Edwards v. Basel Pharmaceuticals, No. 87,192, 1997 WL 87944, at * 6 (Okla. March 3, 1997). The district court has never considered the adequacy of Basel's consumer warnings under the common law of Oklahoma. Accordingly, summary judgment must be reversed and the case remanded for further proceedings on that issue, consistent with the principles expressed by the state supreme court.
 
 
 8
 That leaves plaintiff's analytically separate claim that Basel (also) did not adequately warn the decedent's prescribing physician. On this point, the district court cited the physician's own testimony that Basel's warnings, which included the cardiac risk involved here, were "up to date," "accurate," and "appropriate"; noted "[p]laintiff has offered no affirmative evidence to dispute that the warnings ... were adequate at the time they were given and contained all information available"; and, accordingly, held that plaintiff had failed to create a genuine issue of material fact. Appellant's Appendix (App.) at 70-71. On de novo review, see Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir.1996), we affirm this legal determination. Plaintiff does not cite any contrary evidence on appeal; instead, she insists that because Basel's warnings were based on canine studies, it was not clear that they "specifically applied to humans," as opposed to dogs. Brief for Appellant at 6. Whatever their scientific underpinnings, it is beyond cavil that Basel's warnings regarding "symptoms of an overdose of Habitrol," App. at 30, related to prescription of the drug for human patients.
 
 
 9
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED in part and REVERSED in part, and the cause is REMANDED for further proceedings.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 The late Honorable Oliver Seth, United States Senior Circuit Judge, passed away before final disposition of this appeal. "The practice of this court permits the remaining two panel judges if in agreement to act as a quorum in resolving the appeal." United States v. Wiles, No. 94-1592, 1997 WL 61512, at * 4 n.* (10th Cir. Feb. 14, 1997), petition for cert. filed (U.S. March 10, 1997) (No. 96-1430)