**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

OBDELL FRANKLIN,

    Defendant-Appellant.

No. 98-7087

(D.C. No. 97-CR-57-B)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **HENRY**, Circuit Judges.[**]

---

A jury convicted Defendant Obdell Franklin of making a false statement to the

Social Security Administration ("SSA"), in violation of 18 U.S.C. § 1001, and of

possessing a firearm after a previous felony conviction, in violation of 18 U.S.C.

§§ 922(g) and 924(a)(2). The jury acquitted Defendant of making a threatening

communication to the SSA, in violation of 18 U.S.C. § 1505. The district court

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

sentenced Defendant to fifty-one months of imprisonment.  On appeal, Defendant argues that the district court erroneously: (1) denied his motion to suppress; and (2) instructed the jury on materiality.  Our jurisdiction arises under 28 U.S.C. § 1291.  We affirm.

## I. Background

In June, 1996, Defendant visited the Social Security Administration ("SSA") office in Ardmore, Oklahoma to submit an application for widower's benefits.  While applying for the benefits, he told an SSA employee that he had been married to Marva Kareem at the time of her death on February 19, 1982.  In fact, Defendant and Kareem had divorced on October 12, 1981, prior to her death.  Defendant was subsequently granted widower's benefits based on his alleged status as Kareem's husband at the time of her death.

In December, 1996, Scott Chafin, an agent with the Federal Bureau of Investigation ("FBI") investigating bomb threats made to the SSA, helped state authorities execute a state-issued arrest warrant for Defendant at his trailer home in Tatum, Oklahoma.  Upon approaching the trailer, the officers observed Defendant and a woman through the glass front door.   After the officers knocked on the door, the woman allowed them to enter the trailer and Defendant was arrested.  Agent Chafin then conducted a "protective sweep" of the entire trailer.   During the search he found a .22 caliber rifle hanging on the wall over Defendant's bed.


## II. Motion to Suppress

2

Prior to trial, Defendant filed a motion to suppress, arguing that the arresting officers violated his Fourth Amendment rights when they conducted a search of his trailer incident to his arrest, and that the rifle found during the search should be suppressed. The district court, after a hearing, denied the motion. Defendant argues that the district court erred in doing so.

When reviewing a district court's denial of a motion to suppress, we consider the totality of the circumstances and view the evidence in a light most favorable to the government. United States v. Hunnicutt, 135 F.3d 1345, 1348 (10th Cir. 1998). We accept the district court's factual findings unless those findings are clearly erroneous. United States v. Villa-Chapparo, 115 F.3d 797, 801 (10th Cir. 1997). The credibility of witnesses, the weight to be given evidence, and the reasonable inferences drawn from the evidence fall within the province of the district court. Id. Keeping in mind that the burden is on the defendant to prove that the challenged search was illegal under the Fourth Amendment, United States v. Ludwig, 10 F.3d 1523, 1526 (10th Cir. 1993), the ultimate determination of reasonableness under the Fourth Amendment is a question of law reviewable de novo. Hunnicutt, 135 F.3d at 1348.

"A 'protective sweep' is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers." Maryland v. Buie, 494 U.S. 325, 327 (1990). Such a search is limited to a "cursory visual inspection of those places in which a person might be hiding." Id. Such a search is constitutional if the officers had

3

"a reasonable belief based on specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warranted the officer in believing that the area swept harbored an individual posing a danger to the officer or others." Id. (internal quotations omitted). If the search is constitutional, evidence in plain view of the officer may be seized. See Buie, 494 U.S. at 330 (citing Arizona v. Hicks, 480 U.S. 321, 326 (1987)). Applying these principles, we conclude that the search of Defendant's trailer did not violate the Fourth Amendment.

When state authorities and Agent Chafin went to Defendant's residence on December 11, 1996, they knew that Defendant had recently been treated for a gunshot wound to the leg. They also knew that two of Defendant's associates had been involved in illegal drug activity and that Defendant may have been involved in their illegal drug activity. One of those associates had an outstanding arrest warrant. Agent Chafin also knew that at least one other individual besides Defendant had been involved with the telephonic bomb threats. These facts and the inferences drawn therefrom are sufficient to establish that the officers had a reasonable belief that someone posing a danger to them might be in the trailer. First, the gunshot wound demonstrates that Defendant had recently been in the company of a dangerous, armed individual. Defendant filed no charges based on the wound. Therefore, the officers could infer that he knew his attacker and that the individual could be on the premises. Second, the officers knew that at least one other individual had perpetrated the bomb threats. Therefore, concern that an

4

accomplice might have been on the premises also justified the protective sweep.

The search itself was "quick and limited." Buie, 494 U.S. at 336. As the officers arrested Defendant, Agent Chafin searched the trailer, looking only in places large enough to conceal a person. The search lasted less than two minutes. Under these circumstances, we conclude that Agent Chafin properly conducted a protective sweep of the trailer in order to ensure his safety and the safety of the other officers. See Id. ("arresting officers permitted to take reasonable steps to ensure their safety after, and while making, the arrest"). Such conduct does not constitute an unreasonable search under the Fourth Amendment. As a result, the district court properly denied the motion to suppress the .22 caliber rifle found hanging over Defendant's bed during the protective sweep. See United States v. Flores, 149 F.3d 1272, 1278 (10th Cir. 1998) (police officers conducting a proper protective sweep of a dwelling may seize evidence in plain view).

### III. Jury Instruction

Defendant next argues that the elements of the offense instruction given for the 18 U.S.C. § 1001 violation failed to properly instruct the jury as to materiality. Defendant did not object to this instruction at trial. Therefore, our review is for plain error. Under this standard, Defendant must show: (1) an "error," (2) that is "plain," which means "clear" or "obvious" under current law, and (3) that "affect[s] substantial rights." Johnson v. United States, 117 S.Ct. 1544, 1549 (1997) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). If these three requirements are met, then we may exercise

5

discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal quotations omitted).

When reviewing jury instructions for error, we view them as a whole "to determine whether the jury may have been misled, upholding the judgment in the absence of substantial doubt that the jury was fairly guided." United States v. Wiktor, 146 F.3d 815, 817 (10th Cir. 1998) (internal quotations omitted).

In this case, the district court gave the following elements of the offense instruction:

> In order to sustain its burden of proof for the crime charged in Count One of the Indictment, the Government must prove the following four (4) essential elements beyond a reasonable doubt:
>
> One: The Defendant knowingly made or used a false writing or document containing a false, fictitious, or fraudulent statement as detailed in the Indictment;
>
> Two: In so doing, the Defendant acted willfully;
>
> Three: The writing or document was material; and
>
> Four: The matter was within the jurisdiction of the United States.

This instruction comports with the requirements set forth by the Supreme Court in United States v. Gaudin, 515 U.S. 506 (1995). In Gaudin, the Court held that any question of materiality under 18 U.S.C. § 1001 must be submitted to the jury. Id. at 523. In this case, the trial judge properly instructed the jury that they must find that the false writing or document was material in order to find Defendant guilty of violating § 1001. Defendant argues that this was insufficient, however, and that a definition of materiality

6

was required.

Gaudin provides a legal definition of materiality,[1] and states that in determining whether a statement is material, the jury must apply this legal standard to the facts of the case. See Gaudin, 515 U.S. at 512. From this we may infer that in order for a jury to properly determine whether a statement is material, they must be instructed on the legal standard of materiality. See United States v. Proctor, 1998 WL 812057 at * (10th Cir. Nov. 23, 1998) (unpublished) (while the judge must properly instruct the jury on the legal definition of materiality, only the jury can decide whether the facts meet that legal standard); see also Farmland Indus. v. Morrison-Quirk Grain, 987 F.2d 1335, 1343 (8th Cir. 1993) ("when technical legal usage gives ordinary words a specific definition which is distinct from the ordinary meaning of those words, a court should explain those terms to the jury"); see also United States v. Lemire, 720 F.2d 1327, 1340 (D.C. Cir. 1983) ("one can hardly expect lay jurors to recognize nice legal concepts embedded in the definition of materiality"). Thus, we conclude that the district court erred by not providing the jury with the legal definition of materiality.

We need not address whether the error was plain or affected Defendant's substantial rights, however, because Defendant has failed to convince us that the court's failure to define materiality seriously affected the "fairness, integrity, or public reputation

---

[1] The Supreme Court in Gaudin defined a material statement as having "a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it is addressed." 506 U.S. at 509.

7

of judicial proceedings." United States v. Schleibaum, 130 F.3d 947, 949 (10th Cir. 1997) (en banc). At Defendant's trial, the United States presented unrebutted evidence that Defendant would not have been eligible for SSA widower's benefits absent his false statements to the SSA. Thus, it is clear in this case that Defendant's statement to the SSA regarding his marital status at the time of his ex-wife's death not only had a "natural tendency to influence," but did in fact influence the agency's decision to grant him benefits. Gaudin, 506 U.S. at 509. In light of this "overwhelming" evidence of materiality, the district court did not commit reversible error by failing to define materiality. See Schleibaum, 130 F.3d at 950; see also United States v. Blasini-Lluberas, -- F.3d –, 1999 WL 10655 at * 6 (1st Cir. Jan. 25, 1999) (no plain error for failure to define materiality).

AFFIRMED.[2]

Entered for the Court,


Bobby R. Baldock
Circuit Judge

---

[2] Appellant's pro se motion "Concerning Brief filed by Attorney McCormick," is DENIED.