BALDOCK, Circuit Judge,
dissenting.
Today, the Court concludes that the Indian status of a defendant and victim are essential elements of the crime of arson under 18 U.S.C. §§ 81 & 1152, which the government must allege in the indictment and prove at trial. Court’s Op. at 965. The Court then concludes that despite a defendant’s failure to timely object to the indictment, the omission of these elements from the indictment “is a fundamental jurisdictional defect that is not subject to harmless error analysis.” Court’s Op. at 974. While the Court’s former conclusion is arguable at best, its latter conclusion, in my opinion, is simply wrong given the recent trend of Supreme Court authority. Accordingly, I dissent.
As the Court duly notes, the Indian Country Crimes Act, 18 U.S.C. § 1152, *978 provides for the prosecution of federal crimes, including arson, which non-Indians commit against Indians in Indian country. As one of three exceptions, the Act also provides that its coverage “shall not extend to offenses committed by one Indian against the person or property of another Indian.” Id. In this case, the indictment alleged that Defendant set fire to a dwelling within the Tesuque Pueblo in violation of 18 U.S.C. §§ 81 & 1152. The indictment alleged neither Defendant’s nor the victim’s Indian status. For the sake of brevity and because the Court acknowledges the conflicting authority on the issue, I am willing to assume without deciding at this point that the Indian status of a defendant and victim are elements of the crime of arson in Indian country under §§ 81 & 1152, (rather than affirmative defenses), and, consistent with the Fifth Amendment, should be alleged in the indictment.
Even so, I remain unconvinced that the Government’s failure to specifically allege these elements in the indictment constitutes constitutional error “so intrinsically harmful as to require automatic reversal ... without regard to ... [its] effect on the outcome.” Neder v. United States, 527 U.S. 1, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35 (1999). Rather, to determine whether the constitutional error in this case requires reversal, I would apply the harmless-error rule first established in Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and recently reaffirmed in Neder, 119 S.Ct. at 1837: “Whether it appears ‘beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.’ ”
Although Defendant has not waived his right to challenge the indictment, we must liberally construe the indictment in favor of validity because he failed to challenge its sufficiency in the district court. See United States v. Bolton, 68 F.3d 396, 400 (10th Cir.1995). All trial participants must be encouraged to seek a fair and accurate trial the first time around. “The very limited resources of our judicial system require that such challenges be made at the earliest possible moment in order to avoid needless waste.” United States v. Edmonson, 962 F.2d 1535, 1542 (10th Cir.1992). Our words nearly four decades ago remain true today:
[A]fter a verdict ... every intendment must be indulged in support of the indictment ... and such a verdict ... cures mere technical defects unless it is apparent they have resulted in prejudice to the defendant. Prejudice to the defendant is, of course, a controlling consideration in determining whether an indictment ... is sufficient.
Clay v. United States, 326 F.2d 196, 198 (10th Cir.1963).
Defendant in this case did not challenge the indictment’s sufficiency in the district court. Compare United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir.1999) (holding that “if properly challenged before trial,” an indictment’s failure to allege an element of the offense constitutes reversible error), with United States v. Woodruff, No. 98-10358, 1999 WL 776213 at *1 (9th Cir. Sept.16, 1999) (unpublished) (refusing to extend Du Bo where defendant failed to timely challenge the indictment). Nor has he ever challenged, at trial or on appeal, his status as a non-Indian or the victim’s status as an Indian. In fact, Defendant stipulated that the victim of the arson (the owner of the structure) was a member of the Tesuque Pueblo. He did not dispute evidence that he was not a member of the pueblo. See Rec. Vol. Ill at 209.[1] Defen *979 dant has never claimed a lack of fair notice of the charges against him or his inability to assert a Double Jeopardy defense. See Court’s Op. at 964. Simply put, no basis exists on the record before us to conclude that Defendant has suffered any prejudice whatsoever from the indictment. “ ‘Reversal of error, regardless of its effect on the judgment, encourages litigants to abuse the judicial process and bestirs the public to ridicule it.’ ” Johnson v. United States, 520 U.S. 461, 470, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting R. Traynor, The Riddle of Harmless Error 50 (1970)).[2]
Nevertheless, the Court concludes that “ ‘the failure of the indictment to allege all the essential elements of an offense is a jurisdictional defect requiring dismissal’ This type of fundamental defect cannot be cured by the absence of prejudice to the defendant....” Court’s Op. at 965-66 (internal ellipses and citations omitted) (quoting United States v. Brown, 995 F.2d 1493, 1505 (10th Cir.1993)). In other words, according to the Court, the failure of the indictment to allege the Indian status of Defendant and the victim constitutes that rare bird known as “structural” error, subjecting the district court’s judgment in this case to “automatic” reversal. See Neder, 119 S.Ct. at 1833. I’ve been there and done that. No way am I going there and doing that again until the Supreme Court tells me I have to. See United States v. Wiles, 102 F.3d 1043, 1060 (10th Cir.1996) (en banc) (per Baldock, J.) (holding that the failure to instruct the jury on an element of the charged offense in violation of the Fifth and Sixth Amendments constituted structural error), on reh’g, 106 F.3d 1516 (10th Cir.), vacated sub nom. United States v. Schleibaum, 522 U.S. 945, 118 S.Ct. 361, 139 L.Ed.2d 282, on remand 130 F.3d 947 (10th Cir.1997) (relying on Johnson, 520 U.S. at 461, 117 S.Ct. 1544, to hold that the failure to instruct the jury on an element of the charged offense was not structural error).
In Neder, 119 S.Ct. at 1833, the Supreme Court recognized that “most” constitutional errors can be harmless: “‘If the defendant had counsel and was tried by an impartial adjudicator, there is a strong presumption that any other constitutional errors that may have occurred are subject to harmless-error analysis.’ ” Id. (internal brackets omitted) (quoting Rose v. Clark, 478 U.S. 570, 579, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986)). Despite the Fifth Amendment’s requirement that the Government prove each and every element of a crime beyond a reasonable doubt, In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and the Sixth Amendment’s requirement that a jury, rather than a judge, reach the requisite finding of guilty, Sullivan v. Louisiana, 508 U.S. 275, 277, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), the Court in Neder held that the failure to instruct the jury on every element of an offense “does not necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence.” Neder, 119 S.Ct. at 1833 (emphasis in original). To me, a defendant’s right to have a jury find each element of the charged offense beyond a reasonable doubt is no less important than a defendant’s right to have each element of the same offense presented to the grand jury. Yet illogically, denial of the former right is subject to harmless-error analysis, but denial of the latter right is not.[3]
*980 If the Court was correct (which it isn’t) in labeling as jurisdictional the Government’s failure to allege the Indian status of Defendant and his victim, then I might agree that Defendant’s conviction should be vacated. For it is beyond dispute that a court cannot act without jurisdiction over the subject-matter. But although courts frequently refer to elements of a crime as “jurisdictional,” see, e.g., Brown, 995 F.2d at 1503-05, elements such as the Indian status of Defendant and the victim are jurisdictional only in the sense that in the absence of those elements (assuming they are elements), no federal crime exists under 18 U.S.C. §§ 81 & 1152. See United States v. Martin, 147 F.3d 529, 531-32 (7th Cir.1998). Even if the Government fails to prove those elements, however, we do not say that the district court was deprived of subject matter jurisdiction to hear the case. “Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That’s the beginning and the end of the ‘jurisdictional’ inquiry.” Hugi v. United States, 164 F.3d 378, 380 (7th Cir.1999).
The harmless-error doctrine “ ‘recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant’s guilt or innocence, and promotes public respect for the criminal process by focusing on the underlying fairness of the trial.’ ” Neder, 119 S.Ct. at 1838 (internal ellipses omitted) (quoting Van Arsdall, 475 U.S. at 681, 106 S.Ct. 1431). In this case, Defendant was tried before an impartial judge, under the correct standard of proof, and with the assistance of counsel. Defendant does not suggest that he would introduce any evidence bearing upon the question of his Indian status upon retrial. Reversal of Defendant’s conviction based on the insufficiency of the indictment without any consideration of the error’s effect upon the verdict sends this case back for another trial-a retrial focused not on the Indian status of Defendant or the victim, but on issues and defenses which one jury has already properly considered.
In a case such as this one, where Defendant did not, and apparently could not, bring forth facts contesting his status as a non-Indian or the victim’s status as an Indian, asking whether the jury verdict would have been the same absent the error does not undermine the Fifth Amendment’s grand jury guarantee. See United States v. Harris, No. 90-5028, 1992 WL 33210 at *3 (10th Cir. Feb.21, 1992) (unpublished) (“jurisdictional error” in indictment which improperly alleged a violation of § 1153, rather than § 1152, held harmless beyond a reasonable doubt). Accordingly, I would hold that the indictment’s failure to allege the Indian status of Defendant and the victim was harmless beyond a reasonable doubt. I dissent.

. If Defendant would have challenged the indictment in a timely fashion, I submit the government would have filed a superceding indictment against Defendant correcting the original indictment’s alleged deficiencies and this case would not be before us, at least in its present posture.

. The Court has held other Fifth and Sixth Amendment rights subject to harmless-error analysis. See Arizona v. Fulminante, 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (erroneous admission of evidence in violation *980 of defendant’s Fifth Amendment guarantee against self-incrimination may be harmless); Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (erroneous exclusion of evidence in violation of defendant's Sixth Amendment right to confront witnesses may be harmless).