**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSHUA WILLIS,

    Defendant - Appellant.

No. 23-1058
(D.C. No. 1:22-CR-00186-RMR-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS** and **CARSON**, Circuit Judges.[**][1]
_____

A grand jury indicted Defendant on one count of possession of a firearm in

violation of 18 U.S.C. § 922(g)(1) which prohibits felons from possessing firearms.

Defendant moved to dismiss the indictment against him under New York State Rifle

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] The Honorable Mary Beck Briscoe participated in this appeal originally but did not participate in this Order and Judgment. The practice of this court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving the appeal. Gallardo v. United States, 752 F.3d 865, 867 n.* (10th Cir. 2014) (quoting United States v. Wiles, 106 F.3d 1516, 1516 n. * (10th Cir. 1997)).

& Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022). The district court denied his motion. He pled guilty to the charge but preserved his right to appeal the motion to dismiss. The district court sentenced Defendant to twenty-four months' imprisonment and three years' supervised release.

In his 2023 appeal, Defendant brought both a facial and an as-applied challenge to the constitutionality of 18 U.S.C. § 922(g)(1). While Defendant's appeal was pending, we decided Vincent v. Garland, 80 F.4th 1197 (10th Cir. 2023) (hereinafter Vincent I), in which we held that the Supreme Court's decision in Bruen does not expressly overrule United States v. McCane, 573 F.3d 1037 (10th Cir. 2009)—which upheld § 922(g)(1)'s constitutionality. After we issued Vincent I, Defendant filed an unopposed motion to expedite decision. In that motion, he acknowledged that Vincent I forecloses Second Amendment challenges to § 922(g)(1) but contended that an expedited decision would allow him to promptly petition for rehearing so that he may receive timely relief from his sentence if he succeeded. Exercising jurisdiction under 28 U.S.C. § 1291, we granted Defendant's motion to expedite decision and affirmed the district court's decision upholding the constitutionality of § 922(g)(1). United States v. Willis, No. 23-1058, 2024 WL 857058 (10th Cir. Feb. 29, 2024).

On July 2, 2024, the Supreme Court vacated our dismissal in Vincent I and remanded for reconsideration in light of its recent United States v. Rahimi, 602 U.S. 680 (2024) decision. See Vincent v. Garland, 144 S. Ct. 2708 (2024) (mem.) (hereinafter Vincent II). The Supreme Court likewise vacated our judgment in this

2

case and remanded for reconsideration in light of <u>Rahimi</u> on October 7, 2024. <u>Willis v. United States</u>, 145 S. Ct. 122 (2024) (mem.).

On remand in <u>Vincent I</u>, we concluded that <u>Rahimi</u> did not undermine our earlier reasoning or result, and reiterated that under <u>McCane</u> and <u>Rahimi</u>, the Second Amendment does not render § 922(g)(1) unconstitutional. <u>Vincent v. Bondi</u>, No. 21-4121, 2025 WL 453999, at *1 (10th Cir. Feb. 11, 2025) (hereinafter <u>Vincent III</u>).

We are now in the same position as when we resolved Defendant's appeal in 2023: Supreme Court and Tenth Circuit precedent (now <u>Vincent III</u>) forecloses Defendant's facial and as-applied challenges to § 922(g)(1).

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge