**UNITED STATES COURT OF APPEALS**
**Filed 8/12/96**
**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GEORGE DAVID SMITH,

      Defendant - Appellant.

No. 96-7010
(D.C. No. CR-92-45-S)
(E. District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

This case presents a straightforward question of Sentencing Guidelines interpretation, arising in the context of a motion to reduce sentence under 18 U.S.C. § 3582(c)(2): Does the "one book rule," USSG § 1B1.11(b)(2), entitle a prisoner to have his sentence reduced under USSG § 5C1.2, which authorizes departures below the mandatory minimum sentence? Because § 5C1.2 is not listed as a guideline which may

---

[*]At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

be applied in a § 3582(c)(2) motion, we affirm the district court's judgment.

Appellant George David Smith was convicted of possessing marijuna with intent to distribute, maintaining a place to manufacture marijuana, and conspiracy. See 21 U.S.C. §§ 841(a)(1), 846, and 856(a)(1). On appeal, we reversed his conspiracy conviction and remanded for resentencing. United States v. Bailey, 13 F.3d 407 (10th Cir. 1993) (Table). Smith was found to be in possession of 217 marijuana plants. Therefore, pursuant to the guideline in existence at that time, he was sentenced as if he possessed 217 kilograms of harvested marijuana. USSG § 2D1.1(c) ("In the case of an offense involving marijuana plants, if the offense involved (A) 50 or more marijuana plants, treat each plant as equivalent to 1 KG of marijuana") (1993). Smith was sentenced to seventy months in prison on each charge, to be served concurrently.

Amendment 516 to the guidelines went into effect November 1, 1995. Under the amended guideline, persons caught in possession of marijuana plants are to be sentenced as if each plant was the equivalent of 100 grams of harvested marijuana. USSG § 2D1.1(c) n.(E) (1995). Smith then moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), which authorizes "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" to move for a reduction in sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. The district court granted Smith's motion. Because Smith's sentence under the guideline

was lower than the mandatory minimum sentence applicable at the time of his sentence, the district court reduced his sentence to the mandatory minimum of sixty months.

Smith appeals. He argues that under USSG § 5C1.2, which permits sentence reductions below the mandatory minimum for certain non-violent offenders, the district court should have reduced his sentence even further. By failing to do so, Smith maintains that the district court violated the "one book rule," which states that "[t]he Guidelines Manual in effect on a particular date shall apply in its entirety." USSG § 1B1.11(b)(2). Smith argues that the district court violated the one book rule by applying the Drug Quantity Table found in the 1995 Manual without applying § 5C1.2, which was added to the guidelines in 1994. USSG Amendment 509 (Sept. 23, 1994). We review the grant or denial of a § 3582(c)(2) motion for abuse of discretion. United States v. Telman, 28 F.3d 94, 96-97 (10th Cir. 1994).

The question Smith raises is answered by the guidelines themselves. "In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced." USSG § 1B1.10(b). Amendment 509 is not among those listed in subsection (c). USSG § 1B1.10(c). This reflects the Commission's clear intent that USSG § 5C1.2 shall not be the basis for a sentence reduction under 18 U.S.C. § 3582(c)(2). The district court

correctly considered the sentence it would have imposed had Amendment 516 been in effect at the time of the original sentencing, and we see no abuse of discretion in its decision.

The "one book rule" does not mandate further reduction in Smith's sentence. The district court applied the Guidelines Manual in effect on the date of Smith's resentencing. USSG § 1B1.11(a) (1995). Those guidelines clearly provide that a prisoner in Smith's position may receive a reduction in his sentence only under the amendments listed in § 1B1.10(c). The district court gave Smith the benefit of Amendment 516, which is listed in that guideline, and did not give him the benefit of Amendment 509, which is not. This was far from being an abuse of discretion. Rather, the district court fully complied with 18 U.S.C. § 3582(c)(2)'s command that a sentence shall not be reduced in a manner inconsistent with Sentencing Commission policy. The guidelines demonstrate the Commission's intent that Amendment 509 not be applied to reduce the sentences of those already in prison. USSG § 1B1.10(c).

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge