**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.                                  No. 16-2077

PERCY HOLCOMB,

      Defendant-Appellant.
_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 2:01-CR-00218-LH-1)**
_____

Submitted on the briefs.[*]

Stephen P. McCue, Federal Public Defender, and Darcy Blue Riley, Assistant Federal Public Defender, Las Cruces, New Mexico, for Defendant-Appellant.

Damon P. Martinez, United States Attorney, and C. Paige Messec, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.
_____

Before **O'BRIEN** and **BACHARACH**, Circuit Judges.[**]
_____

[*] We conclude that oral argument would not materially help us to decide this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we are deciding the appeal based on the briefs.

[**] The Honorable Neil Gorsuch was a judge of this Court when the appeal began, but he is now a member of the United States Supreme Court. The practice of this court permits the remaining two panel judges, if in

_____

This appeal involves the constitutionality of a provision in the U.S. Sentencing Guidelines: § 1B1.10(b)(2)(B). Under this provision, the district court can reduce a sentence when the U.S. Sentencing Commission amends the guidelines by reducing the applicable guideline range.

Mr. Percy Holcomb invoked § 1B1.10(b)(2)(B) in 2014, seeking reduction of the sentence that he had received in 2002. But in 2011, the U.S. Sentencing Commission tightened § 1B1.10(b)(2)(B)'s eligibility requirements. This tightening worked against Mr. Holcomb: Under the 2002 version, he would have been eligible for relief; under the 2014 version, he was not. The district court applied the 2014 version and held that Mr. Holcomb was ineligible for relief under § 1B1.10(b)(2)(B).

According to Mr. Holcomb, application of the 2014 version resulted in a violation of the Ex Post Facto Clause, exceeded the Sentencing Commission's statutory authority, and usurped the judiciary's authority to determine an appropriate sentence. We reject these challenges: Our precedent forecloses relief under the Ex Post Facto Clause, Congress authorized the Sentencing Commission to determine the retroactivity of its

agreement, to act as a quorum in resolving the appeal. *See* 28 U.S.C. § 46(d) (2012); *see also United States v. Wiles*, 106 F.3d 1516, 1516, at n\* (10th Cir. 1997) (noting that this court allows remaining panel judges to act as a quorum to resolve an appeal). In this case, the two remaining panel members are in agreement.
`

amendments, and § 1B1.10(b)(2)(B) did not usurp a judicial function. Accordingly, we affirm.

**1.    Standard of Review**

In determining these challenges to § 1B1.10(b)(2)(B), we engage in de novo review. *United States v. LeRoy*, 984 F.2d 1095, 1096 (10th Cir. 1993).

**2.    Ex Post Facto Clause**

According to Mr. Holcomb, the Constitution's Ex Post Facto Clause required application of the guideline version that was in effect when the crime was committed (2000). We rejected a virtually identical claim in *United States v. Kurtz*, 819 F.3d 1230, 1237 (10th Cir. 2016). There we explained that § 1B1.10 does not *increase* the punishment; instead, the provision simply narrows courts' discretion to *decrease* a sentence. *Id.* at 1236; *see also United States v. Womack*, 833 F.3d 1237, 1240 (10th Cir. 2016) (holding that the Ex Post Facto Clause is not violated by a guideline amendment that narrows the district court's discretion to reduce a sentence). Our holding in *Kurtz* is consistent with the holdings of every other circuit court to address the question. *See United States v. Ramirez*, 846 F.3d 615, 625 (2d Cir. 2017); *United States v. Kruger*, 838 F.3d 786, 790-92 (6th Cir. 2016); *United States v. Thompson*, 825 F.3d 198, 200, 206 (3d Cir. 2016), *cert. denied*, 137 S. Ct. 326 (2016); *United States v. Waters*, 771 F.3d 679, 680-81 (9th Cir. 2014) (per curiam); *United States*

*v. Diggs*, 768 F.3d 643, 645-46 (7th Cir. 2014); *United States v. Colon*, 707 F.3d 1255, 1258-59 (11th Cir. 2013).

Mr. Holcomb contends that *Kurtz* was wrongly decided. But one panel cannot overrule another, and we are obligated to follow *Kurtz*. *United States v. Spaulding*, 802 F.3d 1110, 1124-25 (10th Cir. 2015). Under *Kurtz*, application of the 2014 version of § 1B1.10 did not violate the Ex Post Facto Clause.

**3.      Statutory Authorization for the Enactment of § 1B1.10**

Mr. Holcomb also argues that the Sentencing Commission exceeded its statutory authority by amending § 1B1.10. We reject this argument.

Mr. Holcomb first argues that the new version of § 1B1.10 takes away his prior downward variance or departure. This is not true. At the original sentencing, Mr. Holcomb obtained a downward variance; no one is taking that variance away. *See Diggs*, 768 F.3d at 646 ("[T]he Commission did not require the district court to withdraw a specific variance . . . ."). In 2011, the Sentencing Commission simply limited the extent to which a court could issue a new downward variance when reducing the sentence under 18 U.S.C. § 3582(c)(2). *See United States v. Berberena*, 694 F.3d 514, 518, 521 (3d Cir. 2012) ("Rather than undo the effect of previous departures and variances, the Commission has merely limited the extent to which new ones can be awarded in § 3582(c)(2) proceedings.").

4

Second, Mr. Holcomb contends that the Commission can prohibit a departure or variance only if the reason for the departure or variance relates to the substance of the retroactive amendment. This contention is invalid. Congress directed the U.S. Sentencing Commission to determine "in what circumstances and by what amount" a sentence can be reduced when the applicable guideline range is lowered. 28 U.S.C. § 994(u). The Sentencing Commission complied with this directive by enacting § 1B1.10. *Braxton v. United States*, 500 U.S. 342, 348 (1991).

For one or both of these reasons, every circuit court to address the issue has held that § 1B1.10 is authorized by statute. *Diggs*, 768 F.3d at 646-47; *United States v. Davis*, 739 F.3d 1222, 1225 (9th Cir. 2014); *United States v. Hogan*, 722 F.3d 55, 60 (1st Cir. 2013); *United States v. Erskine*, 717 F.3d 131, 136-39 (2d Cir. 2013); *United States v. Colon*, 707 F.3d 1255, 1259-60 (11th Cir. 2013); *Berberena*, 694 F.3d at 520-23; *United States v. Anderson*, 686 F.3d 585, 589-90 (8th Cir. 2012). We agree with these circuit courts and similarly conclude that § 1B1.10 is authorized by statute.

**4.   Commission's Usurpation of Judicial Authority**

Mr. Holcomb also challenges § 1B1.10 on the ground that the Sentencing Commission usurped the judiciary's sentencing authority. We reject this challenge.

The Sentencing Commission did not enact § 1B1.10 in a vacuum. As noted above, the Commission adopted § 1B1.10 because of an express delegation from Congress, which enjoys the power to curtail the judiciary's discretion over sentencing. *See* pp. 4-5, above (delegation of authority by Congress); *Mistretta v. United States*, 488 U.S. 361, 364 (1989) (Congress can curb the judiciary's discretion over sentencing). Thus, every circuit court to address the issue has held that the Sentencing Commission did not usurp the judiciary's sentencing authority by amending § 1B1.10. *See Davis*, 739 F.3d at 1225; *Erskine*, 717 F.3d at 139-40; *Colon*, 707 F.3d at 1260-61; *Berberena*, 694 F.3d at 525-26. We agree with these circuit courts and similarly conclude that the Sentencing Commission did not usurp the judiciary's authority.

## 5.  Conclusion

We conclude that the tightening of § 1B1.10 does not violate the Ex Post Facto Clause, exceed Congress's delegation of authority to the Sentencing Commission, or usurp the judiciary's power over sentencing decisions. Accordingly, we affirm.