**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JASON GUTIERREZ,

     Defendant - Appellant.

No. 16-2197

_____

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:05-CR-02373-WJ-5)**
_____

Submitted on the briefs:[*]

James C. Loonam, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

Damon P. Martinez, United States Attorney, and C. Paige Messec, Assistant United States Attorney, Albuquerque, New Mexico, for Plaintiff-Appellee.
_____

Before **BRISCOE**, **SEYMOUR**, and **McHUGH**, Circuit Judges.
_____

**McHUGH**, Circuit Judge.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

## I.    INTRODUCTION

Defendant Jason Gutierrez is serving a 192-month term in federal prison. After the United States Sentencing Commission amended several of the guidelines under which he was sentenced, Mr. Gutierrez filed a motion under 18 U.S.C. § 3582(c)(2), asking the district court to reduce his sentence to 168 months. Instead, the district court reduced his sentence to 188 months, concluding it lacked authority to go any lower. Mr. Gutierrez appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## II.    BACKGROUND

Mr. Gutierrez pled guilty in 2006 to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. A probation officer prepared a presentence investigation report ("PSR") which assigned Mr. Gutierrez a total offense level of 35 and a criminal history category of IV, together yielding a United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") imprisonment range of 235 to 293 months. The PSR arrived at a criminal history category of IV after concluding that Mr. Gutierrez had accrued seven criminal history points, one of which was a "recency" point added because Mr. Gutierrez committed the current offense within two years of being released from custody on a prior conviction. Ultimately, however, the PSR determined that category IV "substantially over-represented" Mr. Gutierrez's criminal history and recommended that a criminal history category of III would be more appropriate.

At sentencing, the district court agreed with the PSR's recommendation and granted Mr. Gutierrez a downward departure to criminal history category III, pursuant to

2

U.S.S.G. § 4A1.3(b)(1).[1] The court also sentenced Mr. Gutierrez using a total offense level of 34, rather than 35, "to account for disparity with other defendants." These alterations yielded a Guidelines imprisonment range of 188 to 235 months. On April 30, 2007, the district court sentenced Mr. Gutierrez to 192 months in prison and five years of supervised release.

Over the next seven years, the United States Sentencing Commission ("Commission") amended the Guidelines in several ways relevant to this appeal. In 2010, the Commission issued Amendment 742, which eliminated the use of recency points in calculating a defendant's criminal history category. *See* U.S.S.G. app. C, vol. III, amend. 742, Reason for Amendment, at 355–56. The Commission did not make Amendment 742 retroactive.

In 2011, the Commission issued Amendment 759, which modified U.S.S.G. § 1B1.10, the policy statement governing sentence-reduction proceedings under 18 U.S.C. § 3582(c)(2). *See* U.S.S.G. app. C, vol. III, amend. 759. Section 3582(c)(2) allows a district court to reduce a defendant's sentence if the sentence was based on a Guidelines range that the Commission has subsequently lowered, so long as the reduction is consistent with the strictures of § 1B1.10. *See* 18 U.S.C. § 3582(c)(2). Section 1B1.10 provides that, in considering a sentence reduction, a district court must recalculate the defendant's Guidelines range in light of any applicable retroactive amendments and may

---

[1] Section 4A1.3(b)(1) of the Guidelines provides: "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

reduce the defendant's sentence to a term that falls within that amended range. *See* U.S.S.G. § 1B1.10(a)–(b). Amendment 759 significantly impacted the courts' discretion during this process.

Before Amendment 759 went into effect, § 1B1.10 included a meaningful exception to the requirement that a reduced sentence must fall within the amended range. Specifically, it endorsed sentence reductions below the amended Guidelines range if the defendant's original sentence had been below the then-applicable Guidelines range. In such cases, district courts were free to reduce the sentence below the amended range by a number of months comparable to the original downward departure. *See* U.S.S.G. app. C, vol. III, amend. 759, Reason for Amendment, at 420. Amendment 759 curtailed this practice substantially, modifying § 1B1.10 such that a district court now may reduce a defendant's sentence below the amended Guidelines range only if the defendant originally received a below-Guidelines sentence for providing substantial assistance to the government. *See id.*; *see also id.* § 1B1.10(b)(2)(A)–(B).

Last, in 2014, the Commission issued Amendment 782, which reduced by two the offense levels ascribed to many drug offenses under U.S.S.G. § 2D1.1, including Mr. Gutierrez's offense. *See* U.S.S.G. supp. to app. C, amend. 782. The Commission made Amendment 782 retroactive, and thus available as a potential basis for a sentence reduction pursuant to § 3582(c)(2). *See* U.S.S.G. supp. to app. C, amend. 788, Reason for Amendment, at 86; *see also id.* § 1B1.10(d).

On February 24, 2015, Mr. Gutierrez filed a pro se motion seeking a sentence reduction under § 3582(c)(2) in light of Amendment 782, and seeking appointment of

4

counsel. Counsel was appointed soon thereafter. The government conceded that Mr. Gutierrez was eligible for a sentence reduction because Amendment 782 lowered his total offense level from 35 to 33, and the parties entered a stipulation to that effect. The parties disagreed, however, as to whether Mr. Gutierrez's amended Guidelines range should be calculated using a criminal history category of III or IV. Under category III, his amended range would be 168 to 192 months; under category IV, it would be 188 to 192 months. Mr. Gutierrez filed a "Motion to Have [the District] Court Impose a Reduced Sentence Under 18 U.S.C. § 3582(c)(2) at Criminal History Category III," and the government filed a response in opposition to the motion, arguing the district court must apply category IV.

In his motion, Mr. Gutierrez argued for several reasons that applying criminal history category III was either legally required or, at the very least, permitted. On the former point, Mr. Gutierrez contended the district court was bound by the "one-book rule" in U.S.S.G. § 1B1.11 to account for Amendment 742's elimination of recency points in determining his criminal history score, which would have reduced his total number of criminal history points from seven to six, thus placing him in category III. Alternatively, Mr. Gutierrez argued that even if Amendment 742 did not apply, the district court had authority to depart downward to category III. Although Mr. Gutierrez recognized that § 1B1.10, as modified by Amendment 759, counseled otherwise, he maintained the district court was not bound by this newly-modified guideline because the changes wrought by Amendment 759 both (1) unlawfully exceeded the scope of the Commission's statutory authority and (2) unconstitutionally infringed on the judiciary's

sentencing authority. Mr. Gutierrez therefore requested that his sentence be reduced to 168 months, the low end of the Guidelines range corresponding to an offense level of 33 and a criminal history category of III.

The district court rejected these arguments and denied Mr. Gutierrez's motion to be resentenced at criminal history category III. Although the court noted it would have reduced Mr. Gutierrez's sentence to 168 months if the category III-based range applied, it concluded that § 1B1.10 required it to calculate Mr. Gutierrez's amended Guidelines range based on a criminal history category of IV and to resentence Mr. Gutierrez within that range. The district court therefore calculated Mr. Gutierrez's amended Guidelines range at 188 to 192 months and, in keeping with that range, reduced Mr. Gutierrez's sentence to 188 months. This appeal followed.

## III. DISCUSSION

Mr. Gutierrez argues the district court erred in concluding it lacked authority to recalculate his sentence using a criminal history category of III. To support that assertion, he raises the same arguments he made below, claiming the district court either (1) was not prohibited by § 1B1.10 from departing downward to criminal history category III because § 1B1.10, as modified by Amendment 759, exceeds or conflicts with the Commission's statutory authority and violates the separation-of-powers doctrine, or (2) was required by the one-book rule to calculate his amended Guidelines range based on category III.

We review de novo both the district court's interpretation and application of the Guidelines, *United States v. Boyd*, 721 F.3d 1259, 1261 (10th Cir. 2013), and the scope of

the district court's authority in § 3582(c)(2) proceedings, *United States v. Kurtz*, 819 F.3d 1230, 1233 (10th Cir. 2016). We also review de novo issues of statutory interpretation and separation-of-powers challenges. *United States v. Kimler*, 335 F.3d 1132, 1144, 1146 (10th Cir. 2003).

### A. *The Validity of Amendment 759*

We begin with Mr. Gutierrez's various arguments for why the district court was not bound by § 1B1.10, as modified by Amendment 759. We conclude, as explained below, that our recent decision in *United States v. Holcomb*, 853 F.3d 1098 (10th Cir. 2017), forecloses all but one of them, and that the remaining argument falls of its own weight. For context, though, we first reiterate briefly the way in which Amendment 759 changed § 1B1.10, and why it is relevant.

As noted above, § 1B1.10 governs sentence-reduction proceedings under 18 U.S.C. § 3582(c)(2) and requires district courts considering a potential reduction to start by calculating a defendant's amended Guidelines range. *See* U.S.S.G. § 1B1.10(a)(1), (b)(1); *see also Dillon v. United States*, 560 U.S. 817, 826–31 (2010) (holding that § 1B1.10 is binding on courts in § 3582(c)(2) proceedings). Both before and after Amendment 759 took effect in 2011, § 1B1.10 further instructed that district courts "shall not" reduce a sentence below the minimum of the amended range, "[e]xcept as provided in [§ 1B1.10(b)(2)(B)]." *Compare* U.S.S.G. § 1B1.10(b)(2)(A) (2011), *with* U.S.S.G. § 1B1.10(b)(2)(A) (2010). This latter provision—§ 1B1.10(b)(2)(B)—is where Amendment 759 made its mark. Whereas before subdivision (B) allowed a court to reduce a defendant's sentence below the amended range when the defendant had received

7

any downward departure at his or her original sentencing, Amendment 759 narrowed this exception such that, now, it applies only where the defendant originally received a departure for providing substantial assistance to the government. *See United States v. Kurtz*, 819 F.3d 1230, 1234 (10th Cir. 2016). Departures other than those for substantial assistance—including, as relevant here, departures in over-representative criminal history categories under U.S.S.G. § 4A1.3(b)(1)—may no longer be carried over to a sentence-reduction proceeding. *United States v. Boyd*, 721 F.3d 1259, 1262 (10th Cir. 2013).

Hence Mr. Gutierrez's arguments that the district court here was not bound by Amendment 759's modifications to § 1B1.10. To that end, Mr. Gutierrez contends the current version of § 1B1.10(b) is invalid because (1) it exceeds the Sentencing Commission's statutory authority under 28 U.S.C. § 944(u) to determine "in what circumstances and by what amount" sentences are to be reduced under a retroactive amendment by compelling district courts to reverse prior departures unrelated to the substance of the retroactive amendment; (2) it violates the separation-of-powers doctrine by usurping judicial authority to determine sentences; and (3) it "violates [28 U.S.C.] § 994(a)(2)(C)'s requirement that the Sentencing Commission's policy statements further [18 U.S.C.] § 3553(a)(2)'s sentencing purposes."

Unfortunately for Mr. Gutierrez, we squarely addressed, and rejected, the first and second of these contentions in *Holcomb*.[2] 853 F.3d at 1100–01. On the first point, we

---

[2] *Holcomb* was initially decided in an unpublished Order and Judgment issued March 23, 2017—after briefing in this case had concluded. On April 11, 2017, the *Holcomb* panel converted its Order and Judgment to a published Opinion, upon motion of the government. The next day, the government filed a Rule 28(j) letter in this case,

8

concluded that § 1B1.10 does not require district courts to reverse departures granted at a defendant's original sentencing and instead "simply limit[s] the extent to which a court [can] issue a new downward [departure] when reducing the sentence under 18 U.S.C. § 3582(c)(2)." *Id.* at 1100. We also rejected the argument that "the Commission can prohibit a departure . . . only if the reason for the departure . . . relates to the substance of the retroactive amendment," and concluded that, in enacting the current version of § 1B1.10, the Commission complied with its obligation under 28 U.S.C. § 994(u) "to determine 'in what circumstances and by what amount' a sentence can be reduced when the applicable guideline range is lowered." *Id.* (quoting 28 U.S.C. § 994(u)). For these reasons, we joined "every circuit court to address the issue" in holding "that § 1B1.10 is authorized by statute." *Id.* (collecting cases).

Likewise, we also held—again consistent with "every circuit court to address the issue"—that the "Commission did not usurp the judiciary's sentencing authority by amending § 1B1.10." *Id.* at 1101 (collecting cases). Rather, we explained, the Commission properly amended § 1B1.10 pursuant to "an express delegation from Congress, which enjoys the power to curtail the judiciary's discretion over sentencing." *Id.*

While Mr. Gutierrez argues *Holcomb* was wrongly decided, we are bound to follow it in this case. *See United States v. White*, 782 F.3d 1118, 1126–27 (10th Cir. 2015) ("One panel of this court cannot overrule the judgment of another panel absent en

apprising us of the now-precedential holdings in *Holcomb*. And the day after that, Mr. Gutierrez filed his own letter in response.

banc consideration or an intervening Supreme Court decision that is contrary to or invalidates our previous analysis." (alteration and internal quotation marks omitted)). Accordingly, we reject Mr. Gutierrez's arguments that § 1B1.10, as modified by Amendment 759, exceeds the scope of the Commission's authority under § 994(u) and violates the separation-of-powers doctrine.

Although we did not have occasion in *Holcomb* to address a contention similar to Mr. Gutierrez's argument premised on 28 U.S.C. § 994(a)(2), we conclude that argument fares no better than the other two. As mentioned, Mr. Gutierrez maintains that in adopting Amendment 759, the Commission violated its duty under § 994(a)(2) to ensure its policy statements further the federal sentencing goals set forth in 18 U.S.C. § 3553(a). In Mr. Gutierrez's view, this is particularly apparent in the circumstances of this case—i.e., where a district court is precluded from considering a prior U.S.S.G. § 4A1.3 criminal-history departure in a § 3582(c)(2) proceeding triggered by an offense-level amendment such as Amendment 782. By way of support, Mr. Gutierrez points out that the First and Second Circuits have questioned the policy virtue of revoking district courts' discretion to give defendants the benefit of prior § 4A1.3 departures in sentence-reduction proceedings. *See United States v. Hogan*, 722 F.3d 55, 63 (1st Cir. 2013); *United States v. Montanez*, 717 F.3d 287, 294 & n.3 (2d Cir. 2013) (per curiam).

But Mr. Gutierrez misapprehends the substance of § 994(a)(2) and fails to acknowledge the ultimate conclusions reached in *Hogan* and *Montanez*. Regardless whether reasonable minds might doubt the efficacy of Amendment 759's modifications to § 1B1.10, § 994(a)(2) does not mandate that the wisdom of the Commission's policy

10

statements be unassailable. Rather, it simply directs the Commission to promulgate policy statements "that *in the view of the Commission* would further the purposes [of sentencing] set forth in [§] 3553(a)(2) . . . , including the appropriate use of . . . the sentence modification provisions set forth in . . . [§] 3582(c)." 28 U.S.C. § 994(a)(2)(C) (emphasis added). In other words, "[t]he plain language of § 994(a)(2) grants the Commission discretion to determine which rules may further the purposes of sentencing." *United States v. Davis*, 739 F.3d 1222, 1225 (9th Cir. 2014).

The Commission exercised this discretion in adopting Amendment 759. It explained why it had determined changes to § 1B1.10 were warranted, and it concluded that prohibiting reductions below the amended Guidelines range in all circumstances except where a defendant provided substantial assistance to the government "furthers the purposes of sentencing." *See* U.S.S.G. app. C, vol. III, amend. 759, Reason for Amendment, at 420; *see also Davis*, 739 F.3d at 1225 ("In the Commission's view, prohibiting reductions below the amended guidelines range except in the case of substantial assistance to the government struck the appropriate balance.").

That is all § 994(a)(2) required the Commission to do. And while Mr. Gutierrez is correct that courts have questioned the Commission's policy judgment in this area, those same courts also recognized that such judgments are for the Commission, not the courts, to make. *Montanez*, 717 F.3d at 294–95 ("In any event, we recognize that Congress has given the Commission the authority to resolve these policy questions."); *see also Hogan*, 722 F.3d at 63 ("Despite our concerns, in these instances the district court's hands, as they were in this case, will be tied."). Thus, consistent with these decisions, we conclude

11

the Commission acted within the bounds of its discretion under § 994(a)(2) when it adopted Amendment 759—it "did not exceed its discretionary authority in making this policy judgment." *Davis*, 739 F.3d at 1225; *see also United States v. Williams*, 575 F.3d 1075, 1078 (10th Cir. 2009) (rejecting similar challenge to pre-Amendment 759 version of § 1B1.10 and concluding the Commission's enactment of that version was an appropriate exercise of its authority under § 944(a)(2)).

Having determined that the district court properly found it lacked discretion under § 1B1.10 to grant Mr. Gutierrez a downward departure to criminal history category III, we must confront Mr. Gutierrez's final, alternative argument that, under the one-book rule, the district court was required to calculate his amended range using a criminal history category of III in the first instance.

## B. *The One-Book Rule*

The one-book rule derives from U.S.S.G. § 1B1.11(b)(2) and "requires that a single Guidelines Manual govern a defendant's sentencing calculation in its entirety." *United States v. Nelson*, 36 F.3d 1001, 1004 (10th Cir. 1994) (citing U.S.S.G. § 1B1.11(b)(2) (1992)) (formally adopting the one-book rule). Thus, for example, a district court "shall not apply . . . one guideline section from one edition of the Guidelines Manual and another guideline section from a different edition of the Guidelines Manual." U.S.S.G. § 1B1.11(b)(2).

According to Mr. Gutierrez, the district court here ran afoul of the one-book rule when it applied Amendment 782, but not Amendment 742, in calculating his amended Guidelines range. Effective November 1, 2010, Amendment 742 eliminated the use of

12

recency points in calculating defendants' criminal-history scores by striking subsection (e) of U.S.S.G. § 4A1.1. *See* U.S.S.G. app. C, vol. III, amend. 742; *see also United States v. Randall*, 666 F.3d 1238, 1239 (10th Cir. 2011). And effective November 1, 2014, Amendment 782 reduced by a factor of two the offense-levels ascribed to many drug offenses under U.S.S.G. § 2D1.1. *See* U.S.S.G. supp. to app. C, amend. 782. Mr. Gutierrez therefore maintains that, by calculating his offense level using the post-Amendment 782 version of § 2D1.1 now in effect, while calculating his criminal history category using the pre-Amendment 742 version of § 4A1.1 in effect at the time of his original sentencing, the district court violated the one-book rule's prohibition against applying different sections from different editions of the Guidelines. Had the district court accounted for Amendment 742's elimination of recency points in calculating Mr. Gutierrez's criminal history score, Mr. Gutierrez would fall within criminal history category III, rather than IV.

Although this court has not yet addressed this exact argument, we find persuasive the reasoning of both the Sixth Circuit's decision in *United States v. Bonds*, 839 F.3d 524, 529–30 (6th Cir. 2016), which rejected the same contention, and our unpublished decision in *United States v. Smith*, 92 F.3d 1197 (Table), 1996 WL 452838, at *1–2 (10th Cir. Aug. 12, 1996) (unpublished), which rejected a materially identical contention. Indeed, we conclude as we did in *Smith* that "[t]he question [Mr. Gutierrez] raises is answered by the guidelines themselves." *Id.* at *2.

Section 3582(c)(2) proceedings are a creature unto themselves: they "do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3); "[r]ather, they

13

'permit a sentence reduction *within the narrow bounds established by the Commission*,'"

*Bonds*, 839 F.3d at 529 (alteration omitted) (emphasis added) (quoting *Dillon v. United States*, 560 U.S. 817, 831 (2010)); *see also* 18 U.S.C. § 3582(c)(2) (allowing a sentence reduction only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). These "narrow bounds" are set forth in § 1B1.10. *See* U.S.S.G. § 1B1.10(a)(1) ("As required by 18 U.S.C. [§] 3582(c)(2), any . . . reduction in the defendant's term of imprisonment shall be consistent with this policy statement."). As discussed, subsection (b)(1) of § 1B1.10 prescribes the process by which district courts must determine a defendant's amended Guidelines range for sentence-reduction purposes. Specifically, it states that

> the court shall determine the amended guideline range that would have been applicable to the defendant if *the amendment(s) . . . listed in subsection (d)* had been in effect at the time the defendant was sentenced. In making such determination, the court *shall substitute only the amendments listed in subsection (d)* for the corresponding guideline provisions that were applied when the defendant was sentenced and *shall leave all other guideline application decisions unaffected*.

*Id.* § 1B1.10(b)(1) (emphases added). Amendment 782 is one of the "Covered Amendments" listed in subsection (d); Amendment 742 is not. *See id.* § 1B1.10(d).

Here, we need not, and so do not, decide whether Mr. Gutierrez is correct that this procedure from § 1B1.10 cannot consistently be applied alongside the one-book rule of

14

§ 1B1.11.[3] Even if we assume the two provisions are incompatible, there are several obvious reasons why § 1B1.10 takes precedence here.

First and foremost, as we stressed under analogous circumstances in *Smith*, the fact that Amendment 742 is not listed in § 1B1.10(d) demonstrates "the Commission's clear intent that [the amendment] shall not be the basis for a sentence reduction under 18 U.S.C. § 3582(c)(2)." *See Smith*, 1996 WL 452838, at *2. The commentary to §1B1.10 solidifies this point:

> The listing of an amendment in subsection (d) reflects policy determinations by the Commission that a reduced guideline range is sufficient to achieve the purposes of sentencing and that . . . a reduction in the term of imprisonment may be appropriate . . . . The authorization of such a discretionary reduction . . . *does not authorize a reduction in any other component of the sentence . . . .*

U.S.S.G. § 1B1.10 cmt. background (emphasis added). Thus, whatever role the Commission may have envisioned for the one-book rule in § 3582(c)(2) proceedings, if any, that role does not include mandating the retroactive application of amendments excluded from § 1B1.10(d). *Cf. United States v. Williams*, 575 F.3d 1075, 1078 (10th Cir. 2009) ("[E]ven if a court were to consider other [policy] statements when deciding where a sentence should fall within the modified range pursuant to § 3582(c)(2), it would still be bound by § 1B1.10's sentencing limitations.").

Relatedly, as the Sixth Circuit pointed out in *Bonds*, "[t]o the extent that the provisions of § 1B1.10 and § 1B1.11 conflict, § 1B1.10 controls because it provides more

---

[3] By the same token, we also need not resolve the government's counterargument that the one-book rule does not conflict with § 1B1.10 because it has no application in § 3582 proceedings, and instead applies only in original sentencing proceedings.

specific guidance." 839 F.3d at 529. Like the Sixth Circuit, this court has long adhered to the "well-established" rule that "specific statutory provisions prevail over more general provisions," *United States v. Wyss*, 744 F.3d 1214, 1219 (10th Cir. 2014) (internal quotation marks omitted), and we have applied this rule in the context of assessing competing Guidelines provisions, *see United States v. Dozier*, 555 F.3d 1136, 1139 n.7 (10th Cir. 2009) (stating that, where two guidelines conflict, the "more specific guideline controls").

Finally, and again as the Sixth Circuit aptly recognized, to accept Mr. Gutierrez's assertion that under the one-book rule "Amendment 782 opens the door to the application of Amendment 742 . . . would strip § 1B1.10 . . . of any import, in violation of the presumption against superfluity." *Bonds*, 839 F.3d at 529. Section 1B1.10 states unequivocally that "*only* the amendments listed in subsection (d)" may be applied retroactively in determining a defendant's amended Guidelines range. U.S.S.G. § 1B1.10(b)(1) (emphasis added). Thus, Mr. Gutierrez's contention that, in a § 3582(c)(2) proceeding, the one-book rule "requires resentencing under all then-current sentencing guidelines would negate the limit on retroactivity provided by § 1B1.10." *See United States v. Pedraza*, 550 F.3d 1218, 1222 (10th Cir. 2008) (quoting *United States v. Torres*, 99 F.3d 360, 363 (10th Cir. 1996)). Like the Sixth Circuit, we too avoid construing a Guidelines provision so as to render all or a part of it superfluous. *See United States v. Rodriguez-Enriquez*, 518 F.3d 1191, 1194 (10th Cir. 2008).

16

For these reasons, we conclude the one-book rule did not allow (let alone require) the district court to account for Amendment 742's elimination of recency points and thus did not render Mr. Gutierrez subject to a criminal history category of III.

## IV. CONCLUSION

The district court correctly determined that Mr. Gutierrez's amended Guidelines range under § 3582(c)(2) must be calculated based on a total offense level of 33 and a criminal history category of IV, and that this calculus produced an amended range of 188 to 192 months' imprisonment. The court likewise accurately concluded it could not reduce Mr. Gutierrez's sentence below that range. Accordingly, we affirm the district court's order granting Mr. Gutierrez a reduced sentence of 188 months.