**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRANDON LEE MAYFIELD,

    Defendant - Appellant.

No. 24-5020
(D.C. No. 4:22-CR-00242-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS** and **CARSON**, Circuit Judges.[**] [1]
_____

A grand jury indicted Defendant Brandon Lee Mayfield for felon firearm

possession in violation of 18 U.S.C. § 922(g)(1).  Defendant had four prior felonies.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

[1] The Honorable Mary Beck Briscoe participated in this appeal but not in this Order and Judgment.  The practice of this court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving the appeal.  See United States v. Holcomb, 853 F.3d 1098, 1099 n.** (10th Cir. 2017) (first citing 28 U.S.C. § 46(d) (2012); then citing United States v. Wiles, 106 F.3d 1516, 1516, at n* (10th Cir. 1997)).

Defendant moved to dismiss the indictment under <u>New York State Rifle & Pistol Association, Inc. v. Bruen</u>, 597 U.S. 1 (2022).  The district court denied his motion.  He pled guilty to the charge but preserved his right to appeal the motion to dismiss.  The district court sentenced Defendant to 180 months' imprisonment and five years' supervised release.

Defendant timely appealed.  Before Defendant's sentencing, we decided <u>Vincent v. Garland</u>, 80 F.4th 1197 (10th Cir. 2023) ("<u>Vincent I</u>"), in which we held that the Supreme Court's decision in <u>Bruen</u> did not expressly overrule <u>United States v. McCane</u>, 573 F.3d 1037 (10th Cir. 2009)—which upheld § 922(g)(1)'s constitutionality.  Even so, Defendant argued on appeal that § 922(g)(1) violates the Second Amendment because the government did not, and could not, establish a historical tradition of disarming felons as <u>Bruen</u> required.  But Defendant acknowledged that <u>Vincent I</u> foreclosed his Second Amendment challenges to § 922(g)(1) and brought those arguments for preservation only.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirmed the district court's decision upholding § 922(g)(1)'s constitutionality.  <u>United States v. Mayfield</u>, 2024 WL 2891344, at *1 (10th Cir. June 10, 2024).

On July 2, 2024, the Supreme Court vacated our dismissal in <u>Vincent I</u> and remanded for reconsideration in light of its recent <u>United States v. Rahimi</u>, 602 U.S. 680 (2024) decision.  <u>See</u> <u>Vincent v. Garland</u>, 144 S. Ct. 2708 (2024) (mem.) ("<u>Vincent II</u>").  The Supreme Court likewise vacated our judgment in this case and remanded for reconsideration in light of <u>Rahimi</u> on November 4, 2024.  <u>Mayfield v.</u>

2

United States, 145 S. Ct. 430 (2024) (mem.).  On remand in Vincent I, we concluded that Rahimi did not undermine our earlier reasoning or result and reiterated that under McCane the Second Amendment does not render § 922(g)(1) unconstitutional. Vincent v. Bondi, (127 F.4th 1263) (10th Cir. 2025) ("Vincent III").

We are now in the same position as when we resolved Defendant's appeal in 2023: Supreme Court and Tenth Circuit precedent (Vincent III) foreclose Defendant's constitutional challenges to § 922(g)(1).

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge

3