FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MAURICE FARRIS,

    Defendant - Appellant.

No. 22-1412
(D.C. No. 1:22-CR-00149-RM-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON** and **EID**, Circuit Judges.[**][1]

_____

On May 4, 2022, a federal grand jury indicted Defendant Maurice Farris on a

single count of being a felon in possession of a firearm, in violation of § 922(g)(1).

Farris moved to dismiss the indictment, arguing that the Supreme Court's decision in

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] The Honorable Mary Beck Briscoe participated in this appeal but not in this Order and Judgment. The practice of this court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving the appeal. *See United States v. Holcomb*, 853 F.3d 1098, 1099 n.** (10th Cir. 2017) (first citing 28 U.S.C. § 46(d) (2012); then citing *United States v. Wiles*, 106 F.3d 1516, 1516, at n* (10th Cir. 1997)).

*New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), "marked a dramatic shift in Second Amendment law" and effectively overruled *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009), in which we held that § 922(g)(1) does not violate the Second Amendment.

After the district court denied Farris's motion to dismiss, Farris pleaded guilty to the single charge alleged in the indictment. On November 18, 2022, the district court sentenced Farris to a term of imprisonment of thirty-seven months, to be followed by a three-year term of supervised release. The district court entered judgment that same day. Farris thereafter filed a timely notice of appeal.

On appeal, Farris continued to argue that *Bruen* rendered § 922(g)(1) unconstitutional. However, after Farris filed his appeal a panel of this court addressed and rejected the very same argument. *See Vincent v. Garland*, 80 F.4th 1197, 1202 (10th Cir. 2023) (concluding that *Bruen* did not abrogate *McCane*, which rejected Second Amendment and Commerce Clause challenges to § 922(g)(1)). As a result, Farris agreed that his constitutional challenge to § 922(g)(1) was foreclosed by *Vincent* and *McCane*, and he acquiesced to summary affirmance of the district court's judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirmed the judgment of the district court. *United States v. Farris*, 2024 WL 159939, at *2 (10th Cir. Jan. 16, 2024).

On July 2, 2024, the Supreme Court vacated our judgment in *Vincent* and remanded for further consideration in light of *United States v. Rahimi*, 602 U.S. 680 (2024). *See Vincent v. Garland*, 144 S. Ct. 2708 (2024) (mem.). On October 7, 2024,

2

the Supreme Court likewise vacated our judgment in this case and remanded for further consideration in light of *Rahimi*. *Farris v. United States*, 145 S. Ct. 122 (2024) (mem.). On remand in *Vincent*, we concluded that *McCane* remains binding after *Rahimi*, and we readopted our prior opinion. *Vincent v. Bondi*, 127 F.4th 1263, 1266 (10th Cir. 2025) ("*Vincent II*").

Given *Vincent II*'s holding that *McCane* remains binding, Farris's constitutional challenge to § 922(g)(1) continues to be foreclosed by our precedent. Accordingly, the judgment of the district court is AFFIRMED.

Entered for the Court

Per Curiam