**FILED**
**United States Court of Appeals**
**Tenth Circuit**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**October 28, 2025**

**FOR THE TENTH CIRCUIT**
_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

No. 23-1400

KILLIU FORD, a/k/a Caveman,

    Defendant - Appellant.

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:11-CR-00303-REB-2)**
_____

Gail K. Johnson of Johnson & Klein, PLLC, Boulder, Colorado, for Defendant-Appellant.

Rajiv Mohan, Assistant United States Attorney (Matthew T. Kirsch, Acting United States Attorney, with him on the brief), Denver, Colorado, for Plaintiff-Appellee.

_____

Before **HOLMES**, Chief Judge, and **EBEL**, Circuit Judge.[1]
_____

**EBEL**, Circuit Judge.

_____

---

[1] The Honorable Stephanie K. Seymour participated in this appeal but not in this Opinion. The practice of this court permits the remaining two panel judges, if in agreement, to act as a quorum in resolving the appeal. See United States v. Holcomb, 853 F.3d 1098, 1099 n.** (10th Cir. 2017) (first citing 28 U.S.C. § 46(d) (2012); then citing United States v. Wiles, 106 F.3d 1516, 1516, at n.* (10th Cir. 1997)).

In this direct criminal appeal taken from a resentencing proceeding, we consider whether 18 U.S.C. § 3559(f)(2) required the sentencing court to impose mandatory minimum twenty-five-year sentences for each of Defendant-Appellant Killiu Ford's two convictions for kidnapping, in violation of 18 U.S.C. § 1201(a), that involved a child. We conclude § 3559(f)(2) did not mandate a minimum twenty-five-year sentence for each of those convictions. Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we REMAND this case to the district court with directions to VACATE Ford's sentences and resentence him consistent with this decision.

## I. BACKGROUND

A jury convicted Ford of four counts of kidnapping, one count of conspiring to kidnap, and one count of possessing (and brandishing) a firearm during a crime of violence—kidnapping or conspiring to kidnap. United States v. Morgan, 748 F.3d 1024, 1028–30, 1034–35 (10th Cir. 2014), cert. denied, 574 U.S. 915 (2014). Those convictions were based on evidence that, in 2009, Ford and his co-defendants Morgan and Sanford abducted a family—father, mother, and their two young daughters—at gunpoint, eventually robbing them of $30,000. Id. at 1028–29. The district court sentenced Ford to a total of 600 months in prison, id. at 1030: 216 months on each of three convictions for conspiracy and kidnapping the mother and father, to run concurrently; 300 months on each of the two convictions for kidnapping the children, to run concurrently with each other but consecutive to the 216-month sentences; and eighty-four months on the firearm conviction, to run

2

consecutively to all other sentences. See United States v. Ford, No. 11-cr-00303-REB-2, 2017 WL 733318, at *2 (D. Colo. Feb. 23, 2017) (unreported), aff'd in part, rev'd in part and remanded, 793 F. App'x 717 (10th Cir. Oct. 25, 2019) (unpublished).

In 2019, while Ford was collaterally challenging his convictions and sentences before the Tenth Circuit, the Government conceded that his 18 U.S.C. § 924(c) conviction for possessing a firearm during a crime of violence had to be vacated. See Ford, 793 F. App'x at 718 (citing Johnson v. United States, 576 U.S. 591, 593, 596–97 (2015) (holding 18 U.S.C. § 924(e)(2)(B)'s definition of "violent felony" under that statute's residual clause was unconstitutionally vague)). The Tenth Circuit remanded Ford's case for resentencing. See id. at 718, 722.

On remand, the district court conducted a de novo resentencing in November 2023. The district court noted that it could simply eliminate Ford's sentence for the now vacated firearms conviction and, thus, reduce Ford's 600-month sentence by eighty-four months, down to 516 months in prison. But the court deemed a more substantial reduction to be warranted, in light of Ford's significant rehabilitation during the twelve years he had already spent in prison.

At resentencing, the district court found that Ford's advisory guideline range was 300 to 327 months in prison on each of the five remaining counts of conviction. The prosecutor argued that the court was obligated, under 18 U.S.C. § 3559(f)(2), to impose a mandatory minimum twenty-five-year (300-month) sentence for each of the two kidnapping convictions involving the children, and sought a total sentence of 327

3

months in prison.  Ford contended the district court was not obligated to impose the mandatory minimum twenty-five-year sentences and requested, instead, a downward variance to 240 months total in prison.  The district court ruled § 3559(f)(2) required a mandatory minimum twenty-five-year (300-month) sentence for each of the kidnapping convictions involving the children.  In light of that, the court imposed a 300-month sentence for each of Ford's remaining five convictions, all to run concurrently.  In imposing that sentence, the district court remarked to Ford: "In many ways, I wish the world was a different place, and that I could impose a lesser sentence for you."  (III R. 32.)

## II. DISCUSSION

This court reviews de novo the district court's interpretation of 18 U.S.C. § 3559(f)(2).  See United States v. Ansberry, 976 F.3d 1108, 1126 (10th Cir. 2020) (reviewing de novo district court's interpretation of a criminal statute).

The question presented is whether § 3559(f)(2) required the district court to impose a mandatory minimum twenty-five-year prison sentence for Ford's convictions for kidnapping involving the children.  Section 3559(f) provides in full:

> **(f) Mandatory minimum terms of imprisonment for violent crimes against children.**--<u>A person who is convicted of a Federal offense that is a crime of violence</u> against the person of an individual who has not attained the age of 18 years shall, unless a greater mandatory minimum sentence of imprisonment is otherwise provided by law and regardless of any maximum term of imprisonment otherwise provided for the offense --
>
> > **(1)** if the crime of violence is murder, be imprisoned for life or for any term of years not less than 30, except that such person shall be punished by death or life imprisonment if

the circumstances satisfy any of subparagraphs (A) through (D) of section 3591(a)(2) of this title [stating aggravating factors that warrant a death sentence];

**(2)** if the crime of violence is kidnapping (as defined in section 1201) or maiming (as defined in section 114), be imprisoned for life or any term of years not less than 25; and

**(3)** if the crime of violence results in serious bodily injury (as defined in section 1365), or if a dangerous weapon was used during and in relation to the crime of violence, be imprisoned for life or for any term of years not less than 10.

18 U.S.C. § 3559(f) (emphasis added).

Section 3559(f), then, applies to "[a] person who is convicted of a Federal offense that is a crime of violence." But § 3559(f) does not define "crime of violence." In light of that, we look to the general definition of "crime of violence" that Congress provided for the federal criminal code. That definition is found at 18 U.S.C. § 16.

Congress added 18 U.S.C. § 16's definition of "crime of violence" to the federal criminal code in 1984. See United States v. Davis, 588 U.S. 445, 460 (2019). Congress was aware of § 16's definition of "crime of violence" when it enacted § 3559(f) in 2006. Because Congress did not separately define "crime of violence" in § 3559(f), we conclude Congress intended that term to be defined by 18 U.S.C. § 16. See United States v. Sanders, 708 F.3d 976, 993 (7th Cir. 2013) (noting "[t]he phrase 'crime of violence' is a term of art defined in 18 U.S.C. § 16"; holding that,

5

"[a]lthough Congress did not specifically cite this definition in § 3559(f)," § 16's definition applies to § 3559(f)).[2]

By contrast, in a different section of § 3559, Congress requires a mandatory life sentence for a person who is convicted in federal court of a "serious violent felony" who also has prior convictions for a "serious violent felony."  18 U.S.C. § 3559(c).  However, § 3559(c) expressly defines "serious violent felony."  Id. § 3559(c)(2)(F).  In contrast, § 3559(f), the statutory section at issue in this case, uses the term "crime of violence" without otherwise defining that term.  In light of that, we conclude that Congress, in enacting § 3559(f), intended courts to reference and apply the federal criminal code's general definition of "crime of violence," found in 18 U.S.C. § 16.  See generally Sessions v. Dimaya, 584 U.S. 148, 153 (2018) (stating 18 U.S.C. § 16 "provides the federal criminal code's definition of 'crime of violence'").

---

[2] In Sanders, the Seventh Circuit applied 18 U.S.C. § 16's "elements" and "residual" clauses to define "crime of violence" for purposes of § 3559(f)(2) and to hold imposition of a twenty-five-year mandatory minimum sentence was warranted under that statute for kidnapping under 18 U.S.C. § 1201 involving a child.  708 F.3d at 993–94.  The Supreme Court, however, later held that § 16(b)'s "residual clause" is unconstitutionally vague.  See Sessions v. Dimaya, 584 U.S. 148, 152–53 (2018) (plurality opinion); id. at 175 (Gorsuch, J., concurring).  And, as we explain later in this opinion, kidnapping does not categorically satisfy § 16(a)'s elements clause. While Sanders supports our conclusion that § 3559(f) must be read to incorporate § 16's definition of "crime of violence," Sanders holds, contrary to this opinion, that kidnapping under § 1201(a) is a "crime of violence."  Sanders may, however, have reached that contrary conclusion by applying the now-invalid residual clause.

If, then, Ford's kidnapping offenses involving the children met § 16's definition of crime of violence, § 3559(f)(2) required imposition of a mandatory minimum twenty-five-year sentence for each of those offenses. In making that determination, we focus on § 16(a)—the "elements" clause—which provides that "[t]he term 'crime of violence' means . . . an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[3] Courts apply a categorical approach to determine whether an offense qualifies as a "crime of violence" under § 16(a). See United States v. Hernandez-Rodriguez, 388 F.3d 779, 782 (10th Cir. 2004).[4]

Under the categorical approach, we do not consider the particular facts of a given case but we instead focus on the elements of the offense of conviction. See, e.g., United States v. Taylor, 596 U.S. 845, 850 (2022). "The only relevant question is whether the federal felony at issue"—here, kidnapping in violation of 18 U.S.C.

---

[3] As we have previously indicated, § 16(b), the residual clause, includes a second definition of "crime of violence"—"any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," 18 U.S.C. § 16(b). We do not consider § 16(b) here, however, because the Supreme Court has held it to be unconstitutionally vague. See Dimaya, 584 U.S. at 152–53 (plurality opinion); id. at 175 (Gorsuch, J., concurring).

[4] The Government does not argue for application of the modified categorical approach. We would, in any event, not apply the modified categorical approach because 18 U.S.C. § 1201(a) is an indivisible statute setting forth a single kidnapping offense that can be accomplished by several means. See United States v. Gillis, 938 F.3d 1181, 1203–05 (11th Cir. 2019) (per curiam) (applying Mathis v. United States, 579 U.S. 500 (2016)).

§ 1201—"always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." Taylor, 596 U.S. at 850 (applying categorical approach to 18 U.S.C. § 924(c)(3)(A)). We conclude that a kidnapping conviction under 18 U.S.C. § 1201(a) is not categorically a "crime of violence" under § 16(a) because kidnapping can be committed without the use of physical force.[5] The Government does not argue to the contrary.

We begin by focusing on the statutory language. 18 U.S.C. § 1201 provides in relevant part:

> **(a)** <u>Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person</u>, except in the case of a minor by the parent thereof, when--
>
> > **(1)** the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense;
> >
> > **(2)** any such act against the person is done within the special maritime and territorial jurisdiction of the United States;

---

[5] We recognize that applying a categorical approach to § 16(a)'s "elements clause" means that kidnapping under § 1201 that involves a child will never qualify as a "crime of violence" for purposes of § 3559(f)(2). When Congress enacted § 3559(f) in 2006, however, kidnapping could have qualified as a "crime of violence" under § 16(b)'s residual clause. That is no longer the case after the Supreme Court, in 2018, held that § 16(b)'s residual clause is unconstitutionally vague. See Dimaya, 584 U.S. at 152–53 (plurality opinion); id. at 175 (Gorsuch, J., concurring). Of course, if this is not in accord with the current congressional intent, Congress can always amend § 3559(f).

(3) any such act against the person is done within the special aircraft jurisdiction of the United States as defined in section 46501 of title 49;

(4) the person is a foreign official, an internationally protected person, or an official guest as those terms are defined in section 1116(b) of this title; or

(5) the person is among those officers and employees described in section 1114 of this title and any such act against the person is done while the person is engaged in, or on account of, the performance of official duties,

shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

(Emphasis added.) The purpose of § 1201(a)'s five numbered paragraphs is to establish federal jurisdiction. See United States v. Mobley, 971 F.3d 1187, 1197 n.9 (10th Cir. 2020). Those jurisdictional paragraphs are not at issue here.[6] Instead, for purposes of this appeal, we consider the substance of the offense, "Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof."[7] 18 U.S.C. § 1201(a) (emphasis added); see Gillis, 938 F.3d at 1203.

---

[6] Ford was charged and convicted under § 1201(a)(1).

[7] The Tenth Circuit has noted that Congress, in listing "kidnaps" as one of the ways to commit kidnapping under § 1201(a), intended to include the common law meaning of kidnapping, "to take and carry away any person by force and against his will." Mobley, 971 F.3d at 1200 (quoting United States v. Marx, 485 F.2d 1179, 1186 (10th Cir. 1973)); see also id. at 1202.

9

Focusing on § 1201(a)'s list of alternate means or ways to commit kidnapping—by seizing, confining, inveigling, decoying, kidnapping, abducting, or carrying the victim away—courts have consistently found that a person can commit kidnapping without the use, attempted use, or threatened use of force. For example, a person can commit kidnapping by inveigling—that is, luring, or enticing, or leading the person astray by false representations or promises, or other deceitful means. See Tenth Circuit Criminal Pattern Jury Instructions § 2.55 (defining "inveigle" in this way). In light of that, the Tenth Circuit has held, in an unpublished opinion, that because kidnapping can be committed by "inveigling," a kidnapping offense does not categorically have as an element the use, attempted use, or threatened use of physical force against the person or property of another. United States v. Hopper, 723 F. App'x 645, 646 (10th Cir. 2018) (unpublished). We conclude Hopper's reasoning is persuasive and adopt it here.

The Eleventh Circuit, also giving a similar non-forceful definition to "decoy," has held, consistent with our approach, that "[t]he plain meanings of 'inveigle' and 'decoy' indicate that these means of violating the federal kidnapping statute require intellectual or emotional force, distinct from . . . physical force." Gillis, 938 F.3d at 1206; see also id. at 1210 (holding that "§ 1201(a) can be violated without the 'use, attempted use, or threatened use of physical force against property or against the person of another' as required by [18 U.S.C.] § 373(a)'s force clause"); id. at 1206–09 (citing and discussing other cases involving kidnappings that occurred without the use of physical force); see also United States v. Coleman, 149 F.4th 1, 51 (1st Cir.

2025) (holding "the federal kidnapping statute includes no physical force requirement"); United States v. Wills, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, [18 U.S.C.] § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means.").

Based on Hopper and these cases from other circuits, we conclude kidnapping under 18 U.S.C. § 1201 does not categorically have as an element the use, attempted use, or threatened use of force. A kidnapping conviction, then, under § 1201 is not categorically a crime of violence under 18 U.S.C. § 16(a) and, therefore, § 3559(f)(2) does not mandate at least a twenty-five-year sentence for such convictions.

In reaching this conclusion, we reject the Government's interpretation of § 3559(f)(2). Pointing to the language in § 3559(f)(2) stating that a twenty-five-year mandatory minimum sentence is required "if the crime of violence is kidnapping (as defined by section 1201)," the Government argues that, "[t]o levy a mandatory minimum 'if the crime of violence is kidnapping' is necessarily to say that kidnapping is a crime of violence." (Aple. Br. 7.) The Government, thus, interprets § 3559(f)(2) to deem every kidnapping conviction under § 1201 involving a child to be a "crime of violence." But the Government's reading of § 3559(f)(2)'s language is unnatural. If Congress had intended to enumerate all kidnapping offenses under § 1201 as "crimes of violence," there are more direct ways it could have said so. Congress has used much more direct language to enumerate crimes of violence and violent felonies in other statutory provisions. For example, in § 3559(c)(2)(F)(i), Congress stated: "the term 'serious violent felony' means . . . kidnapping," defined in

11

§ 3559(c)(2)(E). In a similarly direct manner, § 16 begins, "The term 'crime of violence' means . . . ."

Furthermore, if, as the Government contends, Congress in § 3559(f) had intended to categorize all kidnapping offenses as "crimes of violence" regardless of § 16's definition of that phrase, § 3559(f)'s introductory language "[a] person who is convicted of a Federal offense that is a crime of violence" would be superfluous: there would be no need to incorporate a threshold inquiry of whether the conviction was for a crime of violence if all crimes that followed were inherently crimes of violence. In light of these more direct ways that Congress has chosen to define "crimes of violence" and "violent felonies" in other statutory provisions, we reject the Government's more obtuse reading of § 3559(f)(2)'s language, "if the crime of violence is kidnapping," to mean that all kidnappings are "crimes of violence" for purposes of § 3559(f)(2).

**III. CONCLUSION**

We conclude, therefore, that for a kidnapping conviction under 18 U.S.C. § 1201 to qualify as a "crime of violence" for purposes of § 3559(f), it must qualify under 18 U.S.C. § 16(a) by having as an element the use, attempted use, or threatened use of physical force against the person or property of another. Because kidnapping under § 1201 categorically does not have the required element of force, it is not a crime of violence for purposes of 18 U.S.C. § 3559(f). The district court, therefore, erred in concluding that it had to impose a mandatory minimum twenty-five-year sentence for each of Ford's two kidnapping convictions that involved children. We, therefore, REMAND this case to the district court with instructions to VACATE Ford's sentences and resentence him consistent with this opinion.